Pratt *v.* Rice.

C. B. PRATT, RESPONDENT, *v.* H. F. RICE *et als.* APPELLANTS.

MOTION "NOT OF COURSE" ORDINARILY TO BE ON NOTICE. Where an ex parte motion was made in 1871 for the docketing, *nunc pro tunc*, of a judgment rendered in 1866, against defendants who had appeared; and it became necessary on the application to determine several questions of fact: *Held*, that such a motion should not be entertained except on notice to the opposite party, and that the refusal to vacate an order obtained under such circumstances was error.

NOTICE OF MOTION, WHEN REQUIRED. When the nature of a motion, involving the determination of facts, is of a kind to prevent the performance of some act which, if performed, might be productive of irreparable injury, and it becomes desirable that the party to be affected should have no previous intimation thereof, it may be granted an affidavit without notice to the opposite party : but when there is no such danger, notice should be given.

RIGHT OF PARTY TO NOTICE OF MOTION. If on a motion there is no good cause for haste or concealment, and facts are to be found in the ascertainment of which the opposite party is deeply interested, such party has a right to notice and an opportunity to be heard.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

It appears that a judgment and decree of foreclosure were rendered in this action on March 19th, 1866, for $4,000 principal,

$1,882.66 interest, accruing interest and costs. An order of sale was issued, and in September, 1866, the mortgaged property was sold for $50. On March 6th, 1871, upon *ex parte* application of plaintiff, the following order was entered: "Upon filing the motion of A. C. Ellis, Esq., attorney for plaintiff, and the affidavit of Thomas J. Edwards, it is upon the motion of A. C. Ellis, Esq., attorney for the above named plaintiff, made in open court this sixth day of March, A. D. 1871, and upon the aforesaid affidavit of Thomas J. Edwards, filed and used upon the hearing of said motion, hereby ordered that the clerk of this court enter a credit upon the judgment and decree rendered and entered in the above cause on the nineteenth day of March, 1866, of fifty dollars, the amount of the proceeds of a sale duly made under and by virtue of an alias execution issued out of this court in the above entitled cause on the ——— day of ——— 1866, and that he docket as of date September 12th, 1866, a judgment in favor of plaintiff and against the defendants, in accordance with law and said decree, for the sum found due to the plaintiff from the said defendants in said decree, after giving the said credit of fifty dollars."

The affidavit of Mr. Edwards showed that the sale had taken place on September 11th, 1866; that the property had sold for only $50; and that afterwards the order of sale had been mislaid, and consequently had never been returned to the clerk's office.

*R. S. Mesick*, for Appellant.

I. The order of the district court should have been set aside on motion of defendants, because—1. The application was a special motion. 3 Dan. Ch. 2 ed. 1854. 2. It called for a consideration and determination of substantial rights of defendants. The sheriff having made no return, it would seem not unreasonable to allow defendants an opportunity of knowing how property bought for $5,000, and mortgaged for $4,000, came to sell for $50. Obviously, defendants were entitled to notice of the motion. It was not competent for the plaintiff to take the proceeding *ex parte*, nor for the court to hear and determine the matter upon an *ex parte* application. Practice Act, Sec. 499; 1 Burrill's Prac. 345; Tidd's Prac. 512; *Stevens* v. *Ross*, 1 Cal. 96; *Hungerford* v. *Cushing*,

Pratt *v.* Rice.

8 Wis. 320; 1 Paige, 39; 4 Paige, 551; 5 Mich. 283; 22 Wis. 131.

II. The showing made by plaintiff, in support of his application, was insufficient to justify the order; no fact was sworn to positively; the affidavit of Edwards did not show that anything remained due on the decree; there was no return by the sheriff of his proceedings on the order of sale, nor any fact presented obviating the necessity of such return.

*A. C. Ellis,* for Respondent.

I. The affidavit of the sheriff served all the purposes of a technical return, and was equivalent to a substituted return, or order of sale. The order of sale might have been substituted without notice. *Benedict* v. *Cozzins,* 4 Cal. 381; *Bryant* v. *Stidger,* 17 Cal. 270; 7 Cow. 470; *Burns, Assignee,* v. *Burns,* 7 Conn. 470.

II. Whether there has been any sale of the mortgaged property under the decree, whether it has been conducted substantially in compliance with the law, what amount the property brought, whether the other property of defendants should be burdened with a lien, and how it is that property mortgaged for $5,000 should only bring $50 — all these things arise upon the return itself. And yet the defendant has no right to question its truth or falsity, nor to make these inquiries, until after the judgment is docketed. If the sheriff has made a false return, the party may commence suit against him and his bondsmen. If he makes a mistake, or commits an error in his return, it may be corrected by the court, which always has control of its process.

III. The parties had their day in court; jurisdiction had been acquired; and this proceeding is of course, no notice being required either by the code or any rule of court. 2 Wendell, 254; *Close* v. *Gillespy,* 3 John. 525; 3 Cowen, 39; 17 Pick. 106; 2 Foster, 27; 2 Gillman, 584.

By the Court, WHITMAN, J.:

On the nineteenth of March, 1866, a decree of foreclosure was rendered in the district court against appellants, who had duly ap-

peared, and in favor of respondent. Upon the order of sale issued in the case, no return was made.

On the sixth of April, 1871, *ex parte* application was made upon affidavit and certain entries upon the clerk's docket, for the docketing of a judgment *nunc pro tunc* against appellants. Upon this motion it became necessary for the court to hear and decide several questions of fact. The order prayed was granted.

Upon the twelfth of April, 1871, appellants moved, on notice, to vacate the order thus made, upon the grounds that it was made without notice, and without sufficient showing of facts. By the Practice Act of this state, " after appearance, a defendant or his attorney shall be entitled to notice of all subsequent proceedings, of which notice is required to be given." Stats. 1869, Sec. 499. There is nothing further in the Practice Act touching the question of notice in motions of the nature of the one under consideration ; it is neither specially required nor excused, nor does there appear to be any rule of court upon the subject ; consequently, reference must be had to generally received practice.

It is said by Mr. Daniell that " a motion is either of course, that is, for an order which, by some standing rule or known practice of the court, may be granted, without hearing both sides ; or, secondly, special—*i. e.,* for an order which is not a mere matter of course, and can only be granted under special circumstances, or upon notice duly served upon the opposite party. A motion of course requires no notice. * * A special motion is one which it is not a matter of course to grant, but which the court, in the exercise of its discretion, may, on the facts established in support of the application, either grant or refuse. Motions of this description may be made either *ex parte,* or upon notice. When they are made *ex parte,* as in the case of motions for a *ne exeat regno,* or for an injunction to stay waste, etc., they must be supported by the affidavit of the party applying for them, and by such collateral affidavits as may be necessary to make out a sufficient case for the interference of the court.

" The object of motions of this nature is generally to prevent the performance of some act which, if performed, might be productive of irreparable injury ; and it is therefore desirable that the party

affected by it should not have any previous intimation of the intention to apply to the court to restrain him.    Where there is no danger that the object of the motion would not be defeated, if notice were given, they will not be permitted   *   *   and special applications concerning the proceedings in the cause, not regulated either by the general orders or by any clearly defined rule of practice, must almost always be made upon notice." Dan. Ch. 2 ed. 1854–5.

The reason of the rule is against the practice pursued in this case ; this was not an order of course.    There was no cause for haste or concealment ; facts were to be found, in the ascertainment whereof the appellants were deeply interested ; a record of the court which was to bind them was to be substituted after a lapse of years, mainly, if not entirely, from the memory of one party ; certainly, they had the right to know and see that this was correctly done, if it could be done at all.    There is no reason in favor of the course pursued, and many against it ; on its face, and unobjected to, it is, to say the least, extraordinary and irregular ; and when objected to, it must be set aside.

The order of the district court is reversed.