ANTHONY ARTHUR WHITNEY, PETITIONER, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, HONORABLE D. W. PRIEST, THE JUDGE THEREOF, AND DOROTHY ELIZABETH WHITNEY, RESPONDENTS.

No. 3653

February 23, 1951.                    227 P.2d 960.

*C. Lester Zahniser*, of Sparks, for Petitioner.

*Melvin E. Jepson*, of Reno, for Respondents.

## OPINION

By the Court, MERRILL, J.:

This is an original proceeding in certiorari to review action of respondent court in issuing an order restraining removal of minor children from the city of Reno, Washoe County, Nevada, pending proceedings for modification of a decree of divorce relative to its provisions for custody. The question presented relates to the power of the court to take ex parte action with respect to minor children of the parties after entry of the original decree of divorce.

On January 28, 1941, in an action before respondent

court brought by petitioner against his then wife, Dorothy Elizabeth Whitney, a decree of divorce was granted to petitioner. The decree awarded petitioner the custody and control of the minor children of the parties, Karla Sue Whitney and Mark Anthony Whitney and reserved to the court jurisdiction to make such future orders as might be proper or necessary relative to their custody, care, maintenance and education.

On December 23, 1950, an affidavit was filed in that action for and on behalf of the defendant mother by Melvin E. Jepson of Reno as her attorney. From the affidavit it appears that petitioner had been residing with the children in Markleeville, California; that he had left that town, taking all personal property with him and leaving the children to follow later; that the children, under the temporary care of one, Ward Hatfield, at the date of the affidavit were in Reno en route to Stockton, California. The affidavit recites the intention of defendant to move for modification of the decree of divorce to grant her custody of both children and states that the affidavit is made for the purpose of obtaining an order temporarily restraining removal of the children from Reno.

On the same day, without notice to petitioner or hearing, an order designated "Temporary Restraining Order" was issued by respondent court, reciting the intention of the defendant to move for modification of the decree and restraining Hatfield and the petitioner, his attorneys, agents and employees from removing the children from Reno, Washoe County, Nevada, "during the pendency of this matter."

On January 3, 1951, pursuant to notice, petitioner moved respondent court for an order dissolving the restraining order. The motion was denied.

Petitioner contends that respondent court exceeded its jurisdictional powers in issuing the restraining order without notice or opportunity for hearing.

At the outset it should be recognized that upon the

facts of this case the scope of our considerations is limited to the powers of the trial court in relation to divorce matters. Its powers in its juvenile department or relating to injunctions generally are beyond our concern in this opinion.

With respect to children, the powers and duties of the court in actions for divorce are set forth in sec. 9462, N.C.L.1929, Supp. 1943–1949. For convenience in discussion and analysis and for purposes of subsequent reference the section will be divided into three parts. It provides as follows:

Part. 1. "The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children;"

Part 2. "and when, at the commencement, or during the pendency, of the suit, it shall be made to appear to the court, or to the judge, in vacation, that any child of the wife, whether she be plaintiff or defendant, which is too young to dispense with the care of its mother, or other female, has been or is likely to be, taken or detained from her, or that any child of either party, has been, or is likely to be taken, or removed, by, or at the instance of, the other party, out of the country, or concealed within the same, it shall be the duty of the court, or of such judge in vacation, forthwith to order such child to be produced before him, and then to make such disposition of the same, during the pendency of the suit, as shall appear most advantageous to such child, and most likely to secure to it the benefit of the final order to be made in its behalf; and all such orders may be enforced, and made effectual, by attachment, commitment, and requiring security for obedience thereto, or by other means, according to the usages of courts, and to the circumstances of the case;"

Part 3. *"provided,* that in actions for divorce the court may, during the pendency of the action, or at

the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance, and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

While the section makes no specific provision for notice, notice and hearing are required as to orders relating to custody entered pursuant to the provisions of part 3. Abell v. Second Judicial District Court, 58 Nev. 89, 71 P.2d 111.

Section 8909, N.C.L.1929, provides: "Every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion."

Rule X of our district court rules provides: "Motions in all cases, except ex parte motions, motions for continuance and motions to amend pleadings pending a trial, shall be noticed at least 5 days before the day specified for a hearing * * *. For a failure to comply with this rule the motion shall be denied."

As to part 3 generally, then, in the absence of an indication of legislative intent to confer ex parte powers upon the court, it must be construed as requiring that the usual procedure relative to the securing of orders be followed.

The language of part 3 is general in terms and extensive in scope and cannot be said to be summary in character. It makes no attempt to distinguish and deal separately with matters of substantive right, situations of emergency or action purely interlocutory in character. By its scope it covers all orders which may seem necessary or proper. Under these circumstances it cannot be said that ex parte powers were contemplated. Cf. Farnow v. Dept. 1 of Eighth Judicial District Court, 64 Nev. 109, 178 P.2d 371. To hold otherwise would, in effect, be to give to the trial court discretion to determine for itself the extent of its own ex parte powers

and thus transform legislation general in terms into an extraordinary grant of ex parte authority. In the light of the specific limitations imposed upon action under part 2, this cannot have been the legislative intent.

It is, therefore, the view of this court that action taken pursuant to part 3 requires notice and opportunity for hearing. Respondent court having acted without notice or hearing, its action cannot be supported under this part of the section. We must, then, look to part 2.

In granting power for summary action under specific conditions of emergency (and, indeed, placing upon the court an affirmative duty to act) part 2 appears to contemplate ex parte action. Further, as this part deals with details of procedure, it would appear that the failure to specify notice was deliberate and indicative of an intent to dispense with the necessity for notice or hearing.

We then face the question whether the conditions under which respondent court acted fall within the very specific requirements of part 2. We need go no further than a consideration of the first, as to the period of time within which such action may be taken. Can it be said that action of respondent court was taken "during the pendency of the suit"?

It is true that by the provisions of part 3, jurisdiction of the court to make orders (and to vacate or modify the same) relative to custody, care, education, maintenance and support, is made to continue throughout the minority of the children. However, part 3 itself precludes the possibility of our construing such continuing jurisdiction as constituting "pendency of the suit" for the purposes of this section. This it does by its own specific differentiation between "pendency of the action" for divorce, "at the final hearing" and "at any time thereafter during the minority of any of the children." Part 3 in effect has said that pendency of the suit for the purposes of this section shall not be co-extensive

with the court's continuing jurisdiction, but rather that the court's jurisdiction shall extend beyond the pendency of the action.

Unless we are to give to "pendency of the suit" as used in part 2 an entirely different meaning from "pendency of the action" as used in part 3, it must be clear that the provisions of part 2 are available only during the pendency of the original action for divorce and prior to final hearing therein.

The provisions of part 2 cannot support such a distinction. They contemplate pendency not merely of the court's continuing power to enter orders relating to a child, but of proceedings actually looking towards the entry of "the final order to be made in its behalf." Once such an order has been made it is final upon the facts and circumstances then existing. Nothing remains pending in that regard until proceedings are initiated to vacate or modify it. Elsman v. Elsman, 54 Nev. 20, 28, 2 P.2d 139, 3 P.2d 1071, 10 P.2d 963.

Further (as applied to the problem at hand and not as a general rule of construction), the very sequence of parts 1, 2 and 3 lends logical support to the conclusion that part 2 was intended to supplement action of the court within the scope specified by part 1 rather than within that specified by part 3.

It is therefore our view that under the language of sec. 9462, the ex parte powers of the court set forth in part 2 thereof are available only during the pendency of the original suit for divorce and cease upon final hearing therein.

It may well be contended that if the special circumstances outlined in part 2 justify ex parte powers in the court during pendency of the original suit for divorce, they should as well justify such powers during pendency of proceedings for modification. This, however, is matter for legislation. The straining of the language of the

section to the extent necessary in order that this court may accomplish that result can hardly be justified under the guise of statutory construction.

It is accordingly held that respondent court exceeded its jurisdictional powers in issuing the restraining order in question, and the same is hereby annulled and set aside. Each party shall bear his own costs on this proceeding.

BADT, C.J., and EATHER, J., concur.