MILDRED JANE CLOSE, PETITIONER, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, DEPARTMENT NO. 3, RESPONDENT.

No. 4053

July 29, 1957                                    314 P.2d 379

*Nada Novakovich,* of Reno, for Petitioner.

# OPINION

*Per Curiam:*

Petitioner, in seeking a writ of mandate, alleges the pendency of her contest of a purported last will and testament of Svante Peterson, deceased, in the respondent court, originally pending in Department 2 thereof, thereafter transferred to Department 3 thereof and thereafter assigned to Honorable John Sexton, district judge of the Third Judicial District of the state, and that the latter had accepted such assignment and agreed and consented to preside at the trial thereof before a jury; that certain settings and continuances were made and ordered and, on information and belief, "a definite trial setting" had been made for September 3, 1957, with provision for a continuation thereof through September 7; that petitioner has learned that another setting had been made of another case before Judge Sexton for September 3, 1957; that she noticed a motion to set said cause for trial, together with a motion to set for hearing her petition for summary judgment, but that Judge Sexton (whose residence is in Lander County, Nevada) did not appear at the time noticed; that she has written Judge Sexton but has received no reply; that the said contest has been pending for some two years and will now be subject to further delay by reason of the crowded condition of the court calendar; that the delay is "unreasonable, unjustifiable and unjust", and that the postponement is an abuse of discretion. She asks for an alternative writ addressed to the Second

Judicial District Court, Department 3 thereof and to Honorable John Sexton, district judge, commanding the court to proceed with the trial before a jury "not later than September 3, 1957", or to show cause why he should not do so, or to assign the cause to another district judge to be heard not later than September 3, 1957, and that he also be commanded to set the hearing of the motion for summary judgment prior to September 3, 1957. Other facts are alleged, but further recital appears unnecessary.

We find in the situation no such arbitrary refusal of the respondent to proceed with the trial as to justify our ordering the alternative writ to issue. No reason or explanation is given for the pendency of the case for some two years since it has been at issue, nor is any criticism directed at the court or opposing counsel for such delay, except such as has occurred during the present month. We are not advised by petitioner as to what, if any, preliminary matters must be disposed of before trial, nor does the petition negative the pendency thereof. There is indeed indicated a present confusion in the setting of two cases for September 3, 1957. There are, however, three departments of the district court of said Second Judicial District, and there is also statutory provision for the assignment by the chief justice of this court of a circuit judge to sit in a congested district. NRS 3.040. The setting of trial dates, the ordering of postponements for cause and other matters having to do with arrangement of court calendars have always been considered as essentially within the discretion of the trial courts, and this court, in the absence of arbitrary action, has never entered into, and is not now inclined to interfere with any arrangement of district court calendars.

The petition for the alternative writ is denied and the proceeding dismissed.