THE STATE OF NEVADA Upon the Relation of A. C. (ACE) HAMILTON, Petitioner, v. SECOND JUDICIAL DISTRICT COURT of the State of Nevada and the Honorable JOHN E. GABRIELLI, Judge Thereof, Respondents.

No. 4737

March 17, 1964                                    390 P.2d 37

*Earl M. Hill* and *James P. Logan,* of Reno, for Petitioner.

# OPINION

*Per Curiam:*

Relator recites that he has been arraigned in respondent court upon an information accusing him of murder, and that said court on January 16, 1964, set time of trial to commence on March 23, 1964; that on March 10, 1964, relator moved for a continuance upon the ground that the name of one Henry Lumpkins is endorsed as a witness and that said witness testified in the preliminary examination of this matter in the Justice's Court of Reno Township September 20, 1963, and again on December 2, 1963; that on February 23, 1964, a criminal complaint was filed in the Justice's Court of Reno Township accusing the said Henry Lumpkins of perjury, and that a preliminary examination upon said perjury charge against the said Henry Lumpkins has been set

in the Justice's Court for April 1, 1964, and that no final disposition can be made of said perjury charge prior to the commencement of relator's trial on March 23, 1964; that on said trial, commencing March 23, 1964, manifest injustice to defendant would result from a conviction based in part upon the testimony of said Henry Lumpkins if the latter were subsequently convicted upon said perjury charge, for in such case defendant would have been deprived of any opportunity to impeach the credibility of said Lumpkins as a convicted perjuror.

Relator's motion for a continuance was denied. Relator asserts that the authority granted to the respondent court by NRS 174.540 to direct the postponement of a trial upon sufficient cause shown by either party by affidavit requires the court to exercise a legal discretion and that under the circumstances such discretion was abused and the denial of his motion for a continuance exceeded the jurisdiction of the respondent court; that such order is not appealable under NRS 177.060 and that relator has no plain, speedy, or adequate remedy other than certiorari. He asks that the order denying his motion for continuance be reviewed and for such relief as to the court may seem just.

Matters concerning the arrangement of court's calendars and the granting or denial of motions for continuances are almost invariably held to be a matter for the exercise of the court's discretion and do not raise any question of the court's jurisdiction. Ex parte Groesbeck, 77 Nev. 412, 365 P.2d 491.

The petition for certiorari is hereby denied and the proceedings dismissed.