MARIE LUC, PETITIONER, v. OCEANIC STEAMSHIP COMPANY, A CORPORATION, AND EAGLE THRIFTY SHOPPING WORLD, RESPONDENTS.

No. 5497

October 14, 1968                    445 P.2d 870

[Rehearing denied November 7, 1968]

*James C. Martin,* of Carson City, *Jarvis, Miller & Stender* and *R. Jay Engel,* of San Francisco, California, for Petitioner.

*Echeverria and Osborne,* of Reno, for Respondent Eagle Thrifty Shopping World.

## OPINION

By the Court, COLLINS, J.:

This application for certiorari tests the jurisdiction of the lower court in striking Marie Luc's complaint for personal injury. We conclude the lower court had jurisdiction to make the order and dismiss the petition.

On March 23, 1967 a complaint was filed in the district court on behalf of Marie Luc. It was signed by R. Jay Engel as attorney for plaintiff. Mr. Engel, a California attorney, was not admitted to practice law in Nevada, nor had he associated Nevada counsel. This complaint was served on defendant Eagle Thrifty in Reno.

On April 5, 1967 Eagle Thrifty moved to dismiss or, in the alternative, to strike the complaint because it was not signed by an attorney licensed to practice law in Nevada. The record reveals an affidavit stating that a copy of the motion was deposited in the mail April 5th addressed to plaintiff's counsel.

On May 1 and again on May 25, plaintiff's California counsel wrote Eagle Thrifty directly, inquiring why the market had not answered the complaint and threatening default for continued failure to plead.

On May 5, the trial court struck Marie Luc's complaint. The plaintiff did not appear in person or through counsel, nor was a defense offered to the motion as required by local rules of court. The record does not indicate this order was served upon Luc's California counsel.

On July 13 California counsel associated Nevada counsel on behalf of Marie Luc. Written evidence of that association was filed in the lower court but not served upon counsel for Eagle Thrifty. Thereupon Luc's local counsel, instead of moving to vacate the order striking the complaint, or pursuing some other course of action, secured issuance of a new summons in the same action and, on August 1, served a copy of the same complaint upon Eagle Thrifty.

On August 15 Eagle Thrifty moved to quash service of the summons on the ground that the complaint had been previously stricken. Service of this motion was made upon Luc's California counsel, who filed opposing points and authorities contending he was not previously aware of the motion or order striking the complaint and that he had received no notice of it.

The trial judge granted the motion to quash service of summons on Eagle Thrifty, and this petition for certiorari resulted.

The statute of limitations expired on the cause of action July 21, 1967. It is evident that unless the original complaint filed by Luc's California counsel be reinstated, the right of action is lost forever.

Marie Luc brings this writ of certiorari contending the lower court exceeded its jurisdiction in striking her complaint pursuant to an ex parte, unnoticed motion and order.

The issues presented to us then are these:

Did the lower court exceed its jurisdiction in striking petitioner's complaint,

(a) Because service of the motion to strike, properly mailed pursuant to NRCP 5, may not have been actually received?

(b) Because the complaint was not defective?

In considering the application for certiorari or a writ of review, the scope of inquiry is limited to the question whether the act done by the court was in excess of its jurisdiction. NRS 34.090; Opaco Lumber & Realty Co. v. District Court, 73 Nev. 278, 317 P.2d 957 (1957); Iveson v. District Court, 66 Nev. 145, 206 P.2d 755 (1949); State ex rel. Hinckley v. District Court, 53 Nev. 343, 1 P.2d 105 (1931); Mack v. District Court, 50 Nev. 318, 258 P. 289 (1927).

(1) The question then becomes whether or not proof of actual receipt of a motion properly mailed is a necessary element of the jurisdiction of that court to rule upon the motion. We hold that it is not. In Iveson v. District Court, supra, the court held that to relieve a party of a default, among other things, notice must be given to the adverse party. The giving of notice is a jurisdictional requirement, and where a rule or statute prescribes the manner in which notice is to be given, that mode must be complied with or the proceeding will be a jurisdictional nullity.

Rule 5, NRCP, requires that every written motion, other than one which may be heard ex parte, shall be served upon each of the parties. Rule 5(b) directs that service required to be made upon a party represented by an attorney shall be upon the attorney, unless service upon the party himself is ordered by the court. Service upon the attorney shall be made by delivering a copy to him or by mailing it to him at his last known address. Service by mail is complete upon mailing. Proof of service may be made by affidavit.

The record indicates all those requirements had been complied with by Eagle Thrifty at the time the motion to strike was granted by the court. Proof of receipt of service of such a motion is not a prerequisite to the jurisdiction of the court to grant the order sought by the motion.

(2) Petitioner next contends that the court was without or exceeded its jurisdiction in striking the complaint because the complaint was not in fact defective. That issue goes to the merits of the case and not to the jurisdiction of the court to act. Even if the court erred, abused its discretion, or if no appeal would lie therefrom the order striking the complaint was within its jurisdiction and may not be reached by certiorari. Mack v. District Court, supra.

(3) Petitioner does not challenge the jurisdiction to enter the order quashing service of summons and we express no opinion upon that question.

(4) We point out that petitioner Marie Luc had opportunity after association of Nevada counsel and prior to running of the statute of limitations to urge a reconsideration of the order striking the complaint and, if the lower court erred, to seek a review by direct appeal.

Accordingly the petition for writ of certiorari is hereby dismissed.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.