CLARK COUNTY SPORTS ENTERPRISES, INC., A NEVADA CORPORATION, AND DALE W. HOLADAY, ELIZABETH HOLADAY, CARL PRICE, AND MRS. CARL PRICE, AS INDIVIDUALS, APPELLANTS, v. JAMES M. KAIGHN AND F. T. CARTER, RESPONDENTS.

No. 9396

July 13, 1977                    566 P.2d 411

*Jolley, Urga & Wirth,* Las Vegas, for Appellants.

*LePome & Gorman,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

The respondents, James M. Kaighn and F. T. Carter, filed this action against Clark County Sports Enterprises, Inc., Dale W. Holaday, Elizabeth Holaday, and Mr. and Mrs. Carl Price. The complaint alleged waste of corporate assets by the Holadays and Prices and sought, among other things, the appointment of a receiver. The court appointed Warren Stanley and Mel Larson as administrators of Clark County Sports Enterprises, Inc., and later named James H. Phillips to serve in that capacity.

Mr. Phillips acted as administrator for about one year, after which he petitioned the court for authority to withdraw. Notice of the hearing on the petition was given to all parties. The appellant corporation appeared through its president, Carl Price, and with counsel. The court granted Phillips' motion to withdraw and further ordered that, as compensation for services rendered, "Phillips shall be paid the sum of $10,000.00." The order does not reflect who was to pay the fee.

A year later, Phillips filed an ex parte motion seeking a $10,000 judgment against the appellant corporation. No notice was given, and the following day the court below entered a $10,000 judgment in favor of Phillips and against the appellant corporation, from which order this appeal has been taken.

A central tenet of our legal system is the concept of notice and hearing. Justice is served only when parties are given adequate notice and an appropriate opportunity to respond in open court. This court has reiterated this concept over and over—as long ago as 1871 in Pratt v. Rice, 7 Nev. 123, and as recently as 1975 in Monroe, Ltd. v. Central Tel. Co., 91 Nev. 450, 538 P.2d 152.

*Pratt* is significant both for its similarities to this case and for the strong directive from this court that in all matters except those "of course", notice and hearing must be accorded. Pratt obtained a decree of foreclosure against Rice in 1866, but

apparently was unsuccessful in recovering upon such foreclosure. Five years later he obtained an ex parte judgment against Rice, nunc pro tunc. No notice of such application was given, despite the fact that Rice had appeared in the proceedings. Rice moved to vacate the order because of lack of notice and its insufficiency of showing the facts. The motion was denied.

On appeal, this court reversed, citing the rule that " 'after appearance a defendant or his attorney shall be entitled to notice of all subsequent proceedings in which notice is required to be given:' Stat. 1869, Sec. 499." 7 Nev. at 126. This court then indicated that, because such a motion for entry of judgment was not "a mere matter of course", it could be entered only upon notice.

We believe, and so hold, that in the instant case notice of the application for the judgment should have been given to the appellant corporation; therefore, we set aside the judgment and remand for further proceedings.