IN THE MATTER OF THE ESTATE OF
CARL RAY, DECEASED.
CARLITA NANCY RAY AND IDA ANGELOT RAY,
APPELLANTS, *v.* LAWRENCE STECHER, M. J.
CHRISTENSEN, F. MIKE PINJUV, CARL
CHRISTENSEN, AND HARVEY DICKERSON,
RESPONDENTS.

No. 4490

June 19, 1963                                         383 P.2d 372

*E. M. Gunderson,* of Las Vegas, for Appellant Carlita Nancy Ray.

*Vargas, Dillon & Bartlett,* of Reno, for Appellant Ida Angelot Ray.

*Carl Christensen,* of Las Vegas, for Respondents Lawrence Stecher, M. J. Christensen, F. Mike Pinjuv, and in Pro Per.

*Harvey Dickerson,* of Las Vegas, in Pro. Per.

## OPINION

By the Court, McNAMEE, J.:

This is an appeal by Carlita Nancy Ray and Ida Ange-lot Ray, minor child and widow of decedent, from the "decision on petition to borrow money and petition for fees." It results primarily from the failure to comply with the provisions and intent of NRCP 53.

After the will herein had been probated and the estate had been fully administered, pursuant to the terms of the will the residue was distributed to testamentary trustees, the will providing that the estate remain in trust for a period of 20 years.

On December 14, 1959, Judge Zenoff had signed and caused to be filed an "Order of Reference to a Master" wherein, after specifying that there was need for a determination of certain issues,[1] he appointed Harvey Dickerson special master "for the determination of the foregoing issues and recommendations to the court by findings of fact and conclusions of law." The record does not disclose what report, if any, resulted from said order of reference of December 14, 1959.

---

[1](1) The accuracy of the accounting report.

(2) The deportment of Ida Ray, widow of the deceased, and her continuing status as a trustee.

(3) The respective interests of the interested parties after a prior determination of partition to one Robert Barringer.

(4) All matters relating to the entire estate of Carl Ray.

On November 18, 1960, the trustees filed a petition in the court below for an order authorizing them to borrow $42,000, giving as security a deed of trust on the chief asset of the estate, to wit, the Professional Building. Inasmuch as one-third interest therein had been conveyed to Barringer, the pretermitted son of deceased, pursuant to this court's decision in the case of In re Carl Ray, 69 Nev. 204, 245 P.2d 990, the petition contained a contract between Barringer and others claiming under him on the one hand, and the trustees on the other.

On November 29, 1960, the minor child and widow filed objections to the petition to borrow money.

At the time of the hearing of said petition and the objections thereto on November 30, 1960, Judge Zenoff, as appears from the transcript of said hearing, stated: "The matter will be referred to the already appointed Master, Mr. Harvey Dickerson. * * * Order of reference is made." No minute order was made and no formal order of reference of the petition to borrow money and the objections thereto was signed and filed.

On December 13, 1960, Carl J. Christensen filed a petition for allowance of fees to him as attorney for the trustees. On December 15, 1960, E. M. Gunderson filed a petition for allowance of compensation to him as attorney for Carlita Nancy Ray. These petitions for fees not having been on file November 30, 1960, were not mentioned in the court hearing of that date. On December 19, 1960, Harvey Dickerson, as master, filed in the court below "Notice of Hearing on Petition of Trustees to Borrow Money" which set December 21, 1960, as the time "for hearing Trustee's Petition to borrow money for said estate." On the date so noticed, Harvey Dickerson proceeded to hear "the petition to borrow money." The widow was represented by Mr. Bartlett, the minor child by Mr. Gunderson, and the trustees by Mr. Carl Christensen. On February 6, 1961, the master filed with the court his "Report of Master on Petition of Trustees to Borrow Money, and Objections Interposed Thereto," together with the reporter's transcript of the December 21, 1960, hearing. In this report he recommended the

payment of $1,000 to Carl Reed and Ralph Steiner, former trustees; $2,500 to E. M. Gunderson, as attorney for the minor heir; $1,000 to Lawrence Stecher and M. J. Christensen, trustees; $500 to Carl Christensen, as attorney for the trustees; and "a sum to be allowed the Master pursuant to court order." In addition thereto, he stated that a loan of $23,300 should be sufficient to meet obligations. No findings of fact or conclusions of law were made.

Objections to said master's report were filed February 15, 1961, by Russell Taylor who formerly was the guardian of the person and estate of Carlita Nancy Ray. Objections also were filed on behalf of Carlita Nancy Ray and Ida Angelot Ray.

On August 18, 1961, Harvey Dickerson filed a petition for an allowance toward his fee as master.

On August 21, 1961, Judge Zenoff conducted a hearing on the master's report. All parties were present and, in addition, L. O. Hawkins, as attorney for the Barringer group. At this time Gunderson stated he did not want his petition for compensation considered, and objected to the consideration of any petition for fees. The court proceeded to hear the petition to borrow money and referred the matter back to Dickerson for further hearing. On the same day, pursuant to such order for further hearing, the master considered further objections to the petition to borrow money.

On September 12, 1961, the master filed with the court his further report wherein he recommended that the trustees be allowed to borrow $25,000 to be repaid from their share of the income from the building. In addition thereto, he recommended the payment of certain enumerated items "on account," including $500 to Carl Christensen, attorney for the trustees; $1,000 to Gunderson, attorney for the minor heir; $5,000 for master's fees; $1,000 for trustee Stecher; $1,000 for trustee M. J. Christensen; and $350 for trustee Pinjuv. This further report contained no findings of fact or conclusions of law. Judge Zenoff, without any further hearing and in the absence of notice as required by NRCP 53 (e) (1), made his decision. The decision bears no date, but was

filed September 15, 1961, and is not based on any findings of fact and conclusions of law. It is entitled "Decision on Petition to Borrow Money and Petition for Fees," and is worded as follows:

"The foregoing petitions having been presented to the court and the said matters having been referred to the master heretofore appointed by the court and the master having taken testimony, considered same and returned said testimony to the court together with his recommendations therein, and thereafter the court having heard oral argument in favor and in opposition to said petitions, and the court having ordered further testimony therein taken by the master and by the master returned same to the court and the court having considered the same.

"It is the order of the court as follows, to wit:

"That the prayer of the petition to borrow money be and the same is hereby granted and the trustees in the above entitled matter are authorized and directed to borrow the sum of Twenty-Five Thousand ($25,000) Dollars as per their petition relating thereto and thereafter are directed to dispose of same said funds under the supervision of the master in accordance with page 3 of the report of the master filed herein September 12, 1961.

"The trustees are authorized and directed to execute any and all documents necessary to effectuate accomplishment of the purposes and conditions of the foregoing order.

David Zenoff
District Court Judge"

As hereinabove stated, appeal is from this decision.

At the time of oral argument a stipulation was entered in the minutes of this court that the order of the trial court authorizing the trustees to borrow $25,000 be vacated upon the certification by the clerk of this court of such stipulation to the district court.

As the result of this stipulation we are concerned on appeal only with the lower court's allowance of fees in accordance with the report of the master dated September 12, 1961.

NRCP 53 (b) provides: "A reference to a master shall be the exception and not the rule. * * * in actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it."

We have examined the transcripts of the hearings upon which the master's reports of February 6, 1961, and September 12, 1961, are based. The first hearing commenced at 2:30 P.M. on December 21, 1960 and was completed at 4:35 P.M. of the same day. The second hearing commenced at 2:00 P.M. on August 21, 1961, and was completed at 5:00 P.M. the same day. The total time consumed by these two hearings before the master was 5 hours and 5 minutes or less than one judicial day.

In our opinion, the record shows no exceptional condition which necessitated the reference of these matters to a master. Furthermore, district courts should be particularly hesitant in ordering a reference to a master of matters concerning estates and testamentary trusts where the rights of beneficiaries and creditors might be prejudiced by the additional costs that would accrue.[2]

NRCP 53 (c) contemplates a formal order of reference which would specify or limit the powers of the master. No such order was made by the district court when the petition to borrow funds was referred to the master. Respondents contend however that this rule was complied with because the said Order of Reference, dated December 14, 1959, referred "all matters relating to the entire estate of Carl Ray" to Harvey Dickerson as master. We must reject this contention.

The provisions of NRCP 53 are to be strictly construed because a reference to a master "shall be the

---

[2]Both of the beneficiaries, Carlita Nancy Ray and Ida Angelot Ray, asked that the hearing on the petition to borrow money be referred to a master. At that time the testamentary trust was heavily in debt and the creditors never had an opportunity to object to the reference.

exception and not the rule." Consequently we hold that a district court when authorized to order a reference can do so only with respect to issues then pending before the court.

The petition to borrow money was not filed until November 18, 1960, over eleven months after the December 14, 1959 Order of Reference.

At no time were the matters pertaining to fees and allowances referred to the master. The petitions of Carl Christensen, E. M. Gunderson, and the master for fees were filed subsequent to the court hearing and referral of November 30, 1960, and at no time was any petition for fees filed on behalf of the trustees or any other persons. Nonetheless the master undertook to take evidence pertaining to fees and allowances and to report his recommendations pertaining thereto.[3]

The coup de grace however was the action of the district court in the undated decision filed September 15, 1961, which, after authorizing the trustees to borrow $25,000, directs them "to dispose of same said funds under the supervision of the Master in accordance with * * * the report of the Master filed herein September 12, 1961."

At no time did the appellants, or anyone else interested in the trust, receive notice of the filing of the last report of the master on September 12, 1961, nor were

[3]In the case of In re Irving—Austin Bldg. Corporation, 100 F.2d 574, the Circuit Court of Appeals, Seventh Circuit, said: "A special master is not familiar with the facts which bear on the value of legal services. The court is. Where half a score of lawyers are all engaged on the same side (or even where they are opposed) and have been for several months, and arguments have been made in court, who as well as the court knows which lawyer carried the laboring oar, who rendered constructive, —who rendered obstructive services, who, in short, did the real work and, finally, who is entitled to substantial compensation? The test of physical presence of counsel and the number of hours actually devoted to 'sitting in court' must yield before the better test of meritorious service of which the court is the best judge."

they allowed the statutory period of ten days within which to object to the report.[4]

The action of the district court in approving the report without complying with the provisions of NRCP 53 (e) was void. His order authorizing the payment of the various amounts set forth in the last report of the master must be vacated. It is so ordered.

Our determination is without prejudice to any right of the trustees, their counsel, the counsel for the beneficiaries, and the master to apply to the court for compensation in accordance with the Uniform Trustees' Accounting Act, NRS 165.010–165.120.[5] No costs are allowed.

BADT, C. J., and THOMPSON, J., concur.

---

[4]NRCP 53 (e) provides that when the master files a report, "the clerk shall forthwith mail to all parties notice of the filing," and within ten days after being served with notice of the filing of the report any party may serve written objections thereto upon the proper parties.

[5]Counsel asked that we determine the amount of compensation to be allowed the trustees. We decline to do so. However we invite the lower court's attention to relevant annotations in 34 A.L.R. 918 and 161 A.L.R. 870.