**HANOVER INSURANCE COMPANY**
(Successor to Massachusetts Bonding and Insurance Company)
v.
**EMMAUS MUNICIPAL AUTHORITY**
and
the First National Bank of Allentown.
Civ. A. No. 32491.

United States District Court
E. D. Pennsylvania.
Dec. 10, 1965.

Isadore H. Bellis, Philadelphia, Pa., Theodore R. Gardner, Allentown, Pa., of Bellis, Kolsby & Poplow, Philadelphia, Pa., for Emmaus.

William S. Hudders, Allentown, Pa., for First National Bank.

BODY, District Judge.

Plaintiff has presented for our decision a Motion for Appointment of a Master and a Motion to Amend its Complaint.

The factual situation out of which this civil action arose is identical with that involved in Civil Action No. 31036, D.C., a companion case in which we have this same date filed an opinion denying a Motion by the plaintiff therein, Consolidated Constructors, Inc., to Amend the Court's Findings of Fact and Conclusions of Law.

The pertinent facts are more fully set out in that opinion but we will repeat them insofar as they bear upon the instant motion of plaintiff, Hanover Insurance Company.

The plaintiff, Hanover Insurance Company ("Hanover"), through its corporate predecessor, was surety on the materials and completion bonds of one Walter M. Eltz who contracted to build a sewer system and repave certain streets for the defendant, Emmaus Municipal Authority ("Authority"). The Authority then deposited its funds in defendant, First National Bank of Allentown ("Bank"), pursuant to a trust indenture. Eltz commenced work on the project and was later declared in default by Authority. After meetings and correspondence between Hanover and Authority, another construction company, Consolidated Constructors, Inc. ("Consolidated"), was hired to complete the job.[1]

Hanover contends that Authority employed Consolidated as project manager

John R. McConnell, of Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

1. As previously mentioned, Consolidated was plaintiff in Civil Action No. 31036 referred to above, but is not a party in Civil Action No. 32491 presently before this Court. The surety, Hanover, reimbursed Consolidated under a loan receipts arrangement and then instituted this action against Authority and Bank, the same defendants named in Civil Action No. 31036.

but Authority claims that Consolidated was sent in by the surety Hanover, thereby holding Hanover responsible for reimbursing Consolidated for any services and materials furnished on the job. That question was resolved in favor of Authority in Civil Action No. 31036 wherein this Court, without a jury, found both the Authority and the trustee Bank not liable to the plaintiff, Consolidated, for the amount expended for labor and materials, and entered judgment for the defendants.

When Consolidated took over the work of completing the sewer project, it submitted requisitions periodically to Authority, and in turn the Bank, both of which refused to honor said requisitions on the theory that no valid contract existed between Consolidated and Authority. That issue was also decided in favor of Authority and Bank in Civil Action No. 31036.

Consolidated was also eventually found in default by Authority requiring Authority to contract with one Schultz to complete the project. This third contractor presented additional requisitions to Bank for payment and Bank honored these requisitions in compliance with the trust indenture. Costs in excess of the amount remaining with Bank were subsequently incurred, and an action is now pending on behalf of Authority against Hanover on the completion bond in Lehigh County, Pennsylvania, to recover for the excess expenditures.

Plaintiff, Hanover, instituted this Civil Action No. 32491 seeking equitable relief for: (1) an accounting; (2) specific performance; and (3) declaratory judgment. Plaintiff's position, briefly stated, is that it is liable, as surety for Eltz, to Authority in the event of default to pay the reasonable and necessary costs of completing the work over and above the contract price. Hanover contends, therefore, that it is liable only (1) to pay for work called for by the Eltz contract as distinguished from other work for the Authority, and (2) to pay

for that work only the reasonable cost over the contract price as distinguished from the contract price and as further distinguished from excessive or unreasonable costs.

Hanover argues that it has received no credit from Authority for the $300,000 in Authority's hands as of the alleged default by Eltz even though it alleges that Authority's engineers estimated that the cost of completion as of the alleged default was less than $300,000. Finally, Hanover claims it is already out of pocket in excess of $470,000 and is being subjected to further demands by Authority in excess of $200,000.

As a result of this, Hanover now seeks, as part of its requested relief, an account to determine the exact state of accounts among Hanover, Authority and Bank.

Plaintiff has filed a Motion to Amend its Complaint under Federal Rules of Civil Procedure 15, and a Motion for Appointment of a Master under Federal Rules of Civil Procedure 53, both of which are now before this Court.

## PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT

Plaintiff Hanover's original complaint named both Authority and Bank as defendants and prayed generally for a decree directing Authority to account to Hanover and "awarding Hanover such other and further relief as may be just and proper." [Complaint, Document No. 1]

In its instant motion, plaintiff seeks leave to make more specific the general prayer for further relief by amending the prayer of its complaint to pray for a decree "declaring by judgment the precise amount due from any of these parties to any other as disclosed by the accounting herein requested." [Plaintiff's Motion to Amend Complaint, Document No. 14]

Defendants oppose said motion on the grounds that the purpose of the present action is to have Hanover's legal liability

determined for money which it has been required to expend thus far and also legal liability for future claims. Defendants contend that Civil Action No. 31036 has already determined the liability of Hanover with respect to expenditures to date, and the action by Authority v. Hanover now pending in Lehigh County, Pennsylvania, will resolve any future liability.

Defendants, therefore, submit that if plaintiff's motion to amend is granted, both of them will suffer great prejudice in that they will be obligated for additional counsel fees and costs in defending the additional claim for damages. This is so because certain issues involved in the additional damage claim have already been resolved by this Court in Civil Action No. 31036, and the remaining ones will be decided by the Lehigh County Court.

 Since our primary consideration is whether the amendment will work an injustice to any of the parties, especially prejudice to the non-moving party [Kerrigan's Estate v. Joseph E. Seagram & Sons, 199 F.2d 694 (3d Cir. 1952)] we are of the opinion that the equities fall in favor of the defendants in this case. Furthermore, the law favors a ruling which is designed to put an end to litigation. [Friedman v. Transamerica Corp., 5 F.R.D. 115 (D.Del.1946)]

Plaintiff's Motion to Amend its Complaint will, therefore, be denied.

## PLAINTIFF'S MOTION FOR APPOINTMENT OF MASTER

 Plaintiff characterizes this suit as chiefly one seeking an accounting to determine the exact state of accounts existing among Hanover, Authority and Bank. It therefore contends that because of the great number of disputed questions of fact and law involved in this proceeding, this case is one which necessitates the appointment of a master as provided by Federal Rules of Civil Procedure 53.

Defendants, on the other hand, deny that the issues are unusually complex. However, they contend that even assuming arguendo that difficult problems of fact and law do exist, this reason alone is insufficient to justify the appointment of a master in a case to be tried without a jury, except in matters of account.

Furthermore, defendants contend that because plaintiff is also seeking specific performance and declaratory judgment, in addition to an accounting, questions of liability will have to be determined and that a master is not the proper party to resolve such issues. The Court, without a jury, is the proper party to decide such questions.

We agree that more than an accounting is sought by plaintiff in this case. However, even if we assume that only an accounting is sought, we would nevertheless deny plaintiff's Motion for the Appointment of a Master. For Professor Moore has stated, and we think correctly so, that:

> " * * * in matters of account a reference can be justified when the matter is complex. The mere fact, however, that an accounting may be necessary is not enough to justify a reference; it must appear that the matter is complex and would take an undue amount of the Court's time."

[5 Moore's Federal Practice § 53.05(2), p. 2939] It is our opinion that the matters involved in this case are not so complex in nature as to justify the appointment of a master.

## ORDER

And now, this tenth day of December, 1965, it is ordered that the Motion of plaintiff, Hanover Insurance Company, to Amend its Complaint be and the same is denied.

It is further ordered that plaintiff's Motion for the Appointment of a Master is denied.