FRANK PHILLIPS, DBA FRANK PHILLIPS, GENERAL
   CONTRACTOR, APPELLANT, v. ANCIL A. ADAMS, JR.,
   AND THELMA L. ADAMS, HIS WIFE, RESPONDENTS.

No. 5797

December 10, 1969                          462 P.2d 35

*Abbott & McKibben,* of Minden, for Appellant.

*Martillaro & Bucchianeri,* of Carson City, for Respondents.

**OPINION**

By the Court, COLLINS, C. J.:

Respondents (defendants below) entered into a contract with appellant (plaintiff below) to remodel their home in Virginia City.

The exact nature of the contract, at least from the evidence presented, is not clear. Appellant contends it was an open-end contract for material, labor, and a 10 percent profit. Respondents contend it was for an approximate sum certain to include labor, material, and profit, but not to exceed $12,000.

Appellant proceeded with the work and had been advanced $9,000 by respondents without any accounting of expenditures or cost breakdown. He asked for another $2,000. Respondents demanded an accounting, an argument ensued and appellant walked off the job. Appellant filed a lien against the premises and a suit against respondents in which he claimed indebtedness for labor, material, and a 10 percent profit, totaling $18,266.92, less $9,000 paid. Since numerous business records, and material and labor costs were involved, both parties agreed to have the court refer the matter to a special master pursuant to NRCP 53.

The report of the special master rendered after receiving testimony and evidence found there was no open-end contract

for labor, material and a profit, and that appellant's records were in such deplorable condition as to make it impossible to accurately determine the material and labor put into respondents' home. The evidence indicated respondents had to spend an additional $2,500 to finish the work agreed to be done by appellant when he walked off the job. Relying to a certain extent upon an opinion from an expert witness as to the value of the work done by appellant, his own view of the premises, and the testimony of the parties, the special master concluded appellant was entitled to a total price of $12,728.99 [corrected by this court from $12,723.99 because of an obvious error in calculation], less $9,000 paid by respondents, and recommended to the court that appellant recover judgment of $3,728.99 [corrected from $3,723.99], together with interest at 7 percent per annum from June 23, 1964, and a reasonable attorney's fee to be fixed by the court.

The court approved the recommendation and entered judgment for appellant in the amount of $3,728.99 but modified the interest to run from March 8, 1968, instead of June 23, 1964. It is from that judgment the appeal was taken.

Appellant urges three grounds of error in seeking reversal of the judgment. They are:

I.   Did the report of the special master exceed the areas referred to him for determination by the District Court's order of reference?

II.   Did the special master commit reversible error by not filing a transcript of proceedings at the time he filed his report with the District Court?

III.   Were the findings of the special master clearly erroneous when viewed in light of the record before this court?

1.   NRCP 53(c) provides:

"Powers.   The order of reference to the master may specify or limit his powers and may direct him to report only upon particular issues or to do or perform particular acts or to receive and report evidence only and may fix the time and place for beginning and closing the hearings and for the filing of the master's report."

The order of reference reads in part as follows:

"IT IS ORDERED, ADJUDGED AND DECREED, that Cameron M. Batjer, Esq., be, and he is, hereby designated and appointed as Special Master, *to ascertain the amount now due on the lien of plaintiff in this cause from defendants,* including principal and interest to this date, and that he report back to the Court with all convenient speed his findings of fact in the following particulars:

"(1) as to the nature, quantities, and values of materials furnished to or for the benefit of defendants by or through plaintiff to remodel, modify, change and improve the residence and real property of defendants, as said property is described in the complaint on file herein;

"(2) as to the nature, quantities, and values of work and labor furnished to or for the benefit of defendants by or through plaintiff to remodel, modify, change and improve the residence and real property of defendants, as said property is described in the complaint on file herein; and

"(3) in making findings as aforesaid, to relate the same to statements of account, vouchers, records, time cards, receipts, and other business records of either or both of the parties and bearing upon the matter at issue here." (Emphasis added.)

We have examined the record on appeal and conclude the special master had the authority under the order of reference to consider, make findings and reach conclusions as he did. The evidence before the master, especially appellant's records, permitted no other handling of the matter.

2. The provisions of NRCP 53(e) read as follows:

"53(e) Report

"(1) *Contents and Filing.* The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. He shall file the report with the clerk of the court and in an action to be tried without a jury, unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. The clerk shall forthwith mail to all parties notice of the filing."

Appellant has no standing to urge this point; he did not advance the cost of the transcript until one year and five months after the master report had been filed with the court. See 5 Moore's Federal Practice § 53.10.

3. The transcript of the master's hearing was never before the district court. Thus, this court cannot now consider that transcript as part of the decisional process of the lower court. Wilson v. Wilson, 55 Nev. 57, 24 P.2d 317 (1933).

The judgment below is affirmed.

ZENOFF, MOWBRAY, and THOMPSON, JJ., and WILKES, D. J., concur.