## No. 25627

**Lawrence P. Gelfond v. The District Court in and for the Second Judicial District of the State of Colorado; Honorable Gerald E. McAuliffe, District Judge in and for the Second Judicial District, State of Colorado; and Joyce M. Gelfond**

(504 P.2d 673)

Decided October 30, 1972.

Robert Bugdanowitz, for petitioner.

Litvak, Schwartz & Karsh, Lawrence Litvak, Epstein, Lozow and Preblud, Frederick Epstein, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding in the nature of prohibition. C.A.R. 21. The respondent, Hon. Gerald E. McAuliffe, one of the judges of the Second Judicial District, appointed a Master in a pending divorce proceeding in which Joyce M. Gelfond, respondent, is the plaintiff and Lawrence P. Gelfond, the petitioner, is the defendant (Civil Action No. D-23464).

The petitioner objected to the appointment of the Master and moved to vacate the appointment on the ground that the appointment was in violation of the terms and purpose of C.R.C.P. 53(b) rather than pursuant thereto. The trial judge denied the motion and instructed the Master to proceed to "schedule an appropriate date or dates for hearing all matters relative to permanent orders," and to file, as soon as practicable,

". . . his written findings of fact, conclusions of law, and recommendations to the trial court, together with a transcript of all proceedings held before the Master, supplemented by any and all documents or exhibits received in evidence at the hearing or hearings.

"The recommendations of the Master are to include a recommendation concerning the person to be responsible for payment and method of payment to the official court reporter for reporting the hearing or hearings, and furnishing the official transcript; also his recommendations as to the amount and the party to be responsible for payment and the method of payment of an appropriate and reasonable Master's Fee in the premises; also his recommendations as to the amount and the party to be responsible for payment and method of payment of appropriate and reasonable fees for expert witnesses should any be called to testify in said hearing or hearings before the Master; also his recommendations as to the amount and the party to be responsible for payment and method of payment of an appropriate and reasonable attorneys fees for all services rendered previously and at the hearing or hearings by the attorneys of record which remain unpaid at the time of the hearing or hearings before the Master."

The trial judge prefaced his order of appointment thus:

"It appearing to the court that the controverted matters and issues herein regarding permanent orders involve the necessity of examination and evaluation of properties and assets of the parties, including but not limited to stocks, bonds, and other securities and investments, as well as interpretation and evaluation of income tax reports and other complicated financial transactions, it is therefore the conclusion of the trial court that such examination and evaluation can best be accomplished by a qualified Master possessing training and experience and specialization in domestic relations matters, and thus this matter comes under the provisions and authority vested in the trial court by Rule 53 of the Colorado Rules of Civil Procedure, and comes specifically within the purview and exception noted in Rule 53(b) of the Colorado Rules of Civil Procedure."

▆▆▆ We disagree with the trial court's interpretation of Rule 53(b) and conclude that it exceeded its jurisdiction and that the order to show cause should be made absolute.

Rule 53(b) provides:

"*A reference to a master shall be the exception and not the rule.* In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account, *a reference shall be made only upon a showing that some exceptional condition requires it.*" (Emphasis added.)

The respondents contend that,

"The trial court did not abuse its discretion in appointing a Master without a hearing since the reference power which is granted to a court by Rule 53(b) is a discretionary power which may be exercised on its own volition, as well as on motion of the parties.

. . . .

"The fact that the trial court found that the issues were complicated is enough to meet the requirements of Rule 53(b)."

Continuing, they argue that,

"To impose the duty of examination and evaluation on the trial court would result in a severe drain on the limited

judicial man-hours which could be used in other areas of judicial endeavor. (Masters in the Federal Court: Rule 53, 58 Columbia Law Review 452, 458 [1958]).''

Petitioner, in response, suggests that *La Buy v. Howes Leather Co., Inc.,* 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957) is a complete answer to all of the arguments advanced by the respondents. We agree.

In *La Buy,* the trial judge, on his own motion, entered orders of reference in two consolidated antitrust cases under Rule 53(b) of the Federal Rules of Civil Procedure. Our rule is identical. All parties objected to the references. Upon the judge's refusal to vacate the references, the parties filed mandamus actions in the Court of Appeals seeking the issuance of writs ordering the judge to vacate the 53(b) orders.

In his answer to the show cause orders, the judge, similar to Judge McAuliffe's position here, contended that the cases were very complicated and complex, that they would take considerable time to try and that his calender was congested. Mr. Justice Tom Clark in the *La Buy* opinion noted that the Court of Appeals had declared that the references amounted to a refusal by the judge to try the cases in due course and concluded,

''. . . that 'in view of the extraordinary nature of these causes' the references must be vacated *'if we find that the orders were beyond the court's power under the pertinent rule.'* 226 F.2d at 705, 706. And, it being so found, the writs issued under the authority of the All Writs Act . . . .'' (Emphasis added.)

(The power of this court under Article VI, Section 3 of the Constitution of Colorado is comparable to that of the federal courts under the All Writs Act.)

█ The issuance of a writ to mandate the vacation of the reference order is necessary to protect the rights of the petitioner where the court is proceeding *in excess of its power.* To await the final judgment, based on the Master's report, would be too late and any appeal at that point a futile act. The expenditure of both time and money would already

have occurred and there would then be no way to undo what had already been erroneously done. *See Sutterfield v. District Court,* 165 Colo. 225, 438 P.2d 236 (1968).

■ The trial court's order appointing the Master in effect delegated the decision making, as well as the fact finding, function to the Master. In so doing, the judge abdicated his constitutional responsibilities and duties. That this is so is evidenced by Rule 53(e)(2), which provides that,

"In an action to be tried without a jury the court shall accept the master's finding of fact unless clearly erroneous."

■ In a scholarly and comprehensive article in 58 Columbia Law Review 452 (1958), Judge Irving R. Kaufman discusses the appointment of masters in the federal courts under Rule 53. Some of the statements are particularly pertinent to the present situation.

". . . American policy, stated quite simply, upholds the right of a litigant to have his suit tried before a judge and/or jury if he so requests. Though the absolute right to have the court and jury determine in the first instance all issues in a litigation may in some few instances be sacrificed on grounds of expediency, any such encroachment on this right should be carefully circumscribed . . . .

"Another major limitation on the employment of masters is the likelihood that a reference will add appreciably to the cost and length of litigation. Litigants should not be burdened with the costs of referring matters which the judge might easily hear and determine for himself. Prohibitive costs and time-consuming delay can be as violative of a litigant's right to a speedy trial as no trial at all . . . .

"Rule 53 confers on the district courts the power and authority to direct a reference. However, the keynote of the rule is that a 'reference shall be the exception and not the rule.' . . .

. . . .

"Rule 53 provides that in non-jury cases, save in matters of account, a reference may be made 'only upon a showing that some exceptional condition requires it.' It is urged that the real justification for a reference in non-jury cases is that a

matter is so difficult or complex that the court is not competent to handle it or that a master, because of a particular expertise or his ability to be in constant attendance, can more easily effectuate its disposition. However, save in matters of account, non-jury references must meet the 'exceptional condition' criterion, and their utilization can be accomplished in but rare instances. For years courts, guided only by the vague standard contained in rule 53, groped blindly for direction, finally determining the exceptional condition of each case on an ad hoc basis. Of particular difficulty was the question whether crowded and congested calendars alone were sufficient to constitute exceptional conditions warranting reference. The cases considering the issue were irreconcilably split on the appropriateness of a reference under such circumstances. Not until *LaBuy v. Howes Leather Co.* was the question finally resolved in the negative. The Supreme Court noted that in view of the increasing docket congestion in some of the more populous districts a contrary result would make reference the rule rather than the exception.

. . . .

"However, implicit in this decision is an insistence on a rigid application of the 'exceptional condition' test and a general disinclination to view a non-jury reference with favor. Such references remove the courts from the arena of litigation, burden the parties with added costs, may unduly delay the outcome, and cause a large duplication of effort inasmuch as the court must, upon objection to the master's report, review the record and his findings before adopting them as its own."

Judge Kaufman then points out that it is difficult to formulate a general rule for determining the priority of a reference under the exceptional condition criterion in each and every case. He notes that where reference is limited to specific issues rather than to the case itself, the reference is more likely to be sustained.

 We agree with his further point that:

". . . References of all the issues presented reduce the function of the district judge to that of a reviewing court and

■■■■■■■ ■■■■■■

may be sanctioned, if at all, only under the most compelling circumstance . . . ."

The same would be true where the basis for the reference to the master is the difficulty and complexity of the matter. It does not appear from the pleadings, the affidavits, and the court's order that any of the referred matters are beyond the competence of the court to determine without the assistance of a master. On this point the article notes that difficulty and complexity is not sufficient in itself to warrant a reference and then observes:

". . . What is of primary importance in the determination on this type of application is the nature of the duties to be conferred by the reference. Where the function delegated to the master is basically ministerial there is little if any abdication of the judicial function, and such matters, rather than tying up the court, can in many instances be more profitably referred to a master."

■■■ He finds justification for the foregoing statement in the exception, "save in matters of account," in that portion of the rule relating to non-jury cases. However, we do not hold that the mere fact that accounting may be necessary is sufficient in itself to justify a reference if it appears that the matter is simple and would not consume an undue amount of the court's time. *Helfer v. Corona Products, Inc.,* 127 F.2d 612 (8th Cir. 1942). Even where an accounting possesses the requisite complexity and difficulty there is no license in the rule to refer all the issues presented in a case to a master. *La Buy v. Howes Leather Co., supra.* In the instant case it appears from the record before us that the home of the parties has been sold and the equity has been liquidated and is available and subject to the court's order. It also appears that the common stock involved is listed on either the New York Stock Exchange or the American Stock Exchange so that there is no difficulty in establishing the value at the critical date. There is also an indication that some of the property came to the wife through inheritance prior to the marriage. Before value becomes important, the court should determine whether or not the property is subject to division.

The court should determine these issues and if they are resolved in a manner that indicates that an accounting is necessary and that they are of substantial proportions, a reference may be justified. Then and only then should the court refer the matter to a special master.

In concluding the article on non-jury cases, Judge Kaufman states:

"Save for this limited area, however, the teachings of *La Buy* are clear. Reference in non-jury cases should be avoided if at all possible. It is of no consequence that a master's report must be ratified or confirmed by the court before legal significance is attached to it. The scope of review by the court is limited. Only if the master's findings are based upon material errors in the proceedings or a mistaken view of the controlling law, or are unsupported by any substantial evidence, or are contrary to the clear weight of all the evidence, is the court justified in disregarding the report. References under the rule are not advisory in the sense that a court is free to reject a master's report at will and to conduct its own independent inquiry into the facts. Thus under the rule the fact that a court would be disposed to attach different weight to some of the facts presented in issue submitted for reference is insufficient to justify a rejection of a master's report. Consequently, a litigant might be prejudiced, notwithstanding the necessity of confirmation by the courts. He is entitled to have the court hear and determine the issues in the first instance, and anything short of this may be an abridgment of his rights." Kaufman, *Masters in the Federal Courts: Rule 53*, 58 Col.L.Rev. 452. *See also: 9* Wright and Miller, *Federal Practice and Procedure: Civil* § 2605, and cases cited therein.

The rule is made absolute. The matter is remanded with directions to vacate the order appointing a master and for further proceedings before a judge of the domestic relations division not inconsistent with the views above expressed.