MR. JUSTICE KELLEY
delivered the opinion of the Court.
This is an original proceeding in the nature of prohibition, or in the alternative for a writ of mandamus. C.A.R. 21. Respondent, Hon. Robert E. McLean, judge of the District *74 Court for the City and County of Denver, appointed a master in a pending civil action which involved disclosure of trade secrets and confidential information concerning plaintiff’s, Curtis, Inc., record keeping and information systems. Columbine Carriers and Kenneth D. Rudy are defendants in the matter. (Civil Action No. C-32857). On March 29, 1973, the court ordered:
“That Donald N. Pacheco is appointed Master. Hearing date to be set by Master at an agreeable date to all parties.
“FURTHER ORDER: That the Plaintiff’s Motion for Deposit of Master’s fee and costs by Defendants be, and hereby is denied.”
Although the attorney for the respondent would have us believe otherwise, a filing by the respondent court has advised us that this order has not been enlarged, amended, or limited in any way by Judge McLean.
The petitioner objected to the reference of the case to a master and moved for a new trial or a rehearing on the order granting defendants’ Motion to appoint a Master and the denial of plaintiff’s Motion for Deposit of Master’s Fee and Costs by Defendant. This motion was denied by an order of April 9, 1973. Petitioner now seeks to have the appointment of the master vacated or if that relief is not granted to have the defendant deposit an amount sufficient to pay the master’s fee and costs.
We hold that the trial court misapplied Rule 53(b)[1] of the Colorado Rules of Civil Procedure in light of our recent construction of that rule in Gelfond v. District Court, 180 Colo. 95, 504 P.2d 673 (1972). The trial court proceeded in excess of its jurisdiction in referring the case to a master.
Counsel for the defendant, who appears here on behalf of the trial judge, argues that the appointment of the master was justified because of the technical and complicated nature of *75 the case. In answer to this we note that La Buy v. Howes Leather Co., Inc., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957), the leading Supreme Court case on Rule 53(b)[2], involved the referral to a master of two large and complex antitrust cases involving a total of one hundred five parties. Mr. Justice Clark rejected the argument that “exceptional conditions” existed because of the unusual complexity of law and fact, stating:
“. . . But most litigation in the antitrust field is complex. It does not follow that antitrust litigants are not entitled to a trial before a court. On the contrary, we believe that this is an impelling reason for trial before a regular, experienced trial judge . . . .”
We believe that La Buy is controlling in this respect; certainly the issues in this case do not approach the complexity of an antitrust case. We hold that the plaintiff is entitled to have the judge hear the evidence in this case initially and not through a report from a referee.
The rule is made absolute. The matter is remanded with directions to vacate the order appointing a master and for further proceedings not inconsistent with the views expressed herein.

 Rule 53(b) Reference: A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it.

Colorado Rule 53(b) and Federal Rule 53(b) are identical. Federal decisions are persuasive authority on procedural matters.