PHYLLIS J. RUSSELL, Petitioner, *v.* J. CHARLES THOMPSON, DISTRICT JUDGE, EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, Respondent.

No. 12565

November 19, 1980                                    619 P.2d 537

*L. Earl Hawley,* Las Vegas, for Petitioner.

*Howard J. Needham,* and *Kevin Kelly,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

This is an original proceeding wherein petitioner requests this court to issue a writ of mandamus which if granted would vacate District Judge J. Charles Thompson's order of reference of various aspects of this divorce proceeding to a special master.

Two issues are presented for our determination in this

extraordinary proceeding. They are (1) whether a writ of mandamus will properly issue to vacate an order appointing a special master, and (2) whether the trial court erred in appointing a special master. We answer both questions in the affirmative.

Phyllis Russell, petitioner-defendant, and her husband, Perry Russell, plaintiff below, were first married in Oklahoma in 1962. Thereafter, on December 5, 1978, a Colorado court entered a decree dissolving the marriage. In entering its decree of divorce, the Colorado court made no property disposition. Approximately four months later, on April 21, 1979, Perry commenced the instant divorce action. In the instant action, both parties have requested, *inter alia,* a resolution of their property rights and other spousal rights and obligations. Desirous of facilitating this division and making the appropriate awards, respondent Judge Thompson, *sua sponte* appointed a special master pursuant to NRCP 53 to "report back to the Court, with all convenient speed, his findings of fact and conclusions of law . . . for the purposes of determining the nature of the property whether community, separate, or in any other form of ownership, and to recommend an appropriate division of such property and/or alimony." The order of reference further provided that Kirk B. Lenhard, attorney at law, serve as the special master and be compensated at the rate of $75.00 per hour. Petitioner's motion objecting to the order of reference and requesting the court to vacate its order was denied.

*1. Mandamus.*

In this mandamus proceeding, petitioner contends that the district court was without authority to appoint a special master, that there is no adequate and speedy remedy at law, and that mandamus should issue requiring the district court to vacate the order. Respondent argues that mandamus is an improper vehicle by which to review an order of reference, because it is a discretionary decision. *See* Houston Gen. Ins. Co. v. District Court, 94 Nev. 247, 248–49, 578 P.2d 750, 751 (1978). We are persuaded by petitioner's contention.

The writ of mandate is proper to compel the performance of an act which the law especially enjoins as a duty resulting from an office, NRS 34.160, and where there exists no plain, speedy and adequate remedy. NRS 34.170. Since a reference to a special master is not an appealable order "in the ordinary course of law," NRAP 3A(b) and here there exists no plain, speedy and adequate legal remedy,[1] we must conclude that mandamus

[1]To await rendition of the master's report and the final judgment would result in the unnecessary expenditure of time, money and judicial energy if, in an appeal subsequent to trial, it were determined that the special master was erroneously appointed. *See* Sutterfield v. District Court, 438 P.2d 236, 239 (Colo. 1968).

is an appropriate remedy if it is found that the trial judge exceeds his authority by appointing a special master. *See* LaBuy v. Howes Leather Co., 352 U.S. 249, 250–51, 256 (1957); Gelfond v. District Court, 504 P.2d 673, 675 (Colo. 1972). We turn to consider the substantive issue of authority.

### 2. The Order of Reference.

NRCP 53(b) provides, in part: *"A reference to a master shall be the exception and not the rule. . . .* [I]n actions to be tried without a jury, *save in matters of account* and of difficult computation of damages, *a reference shall be made only upon a showing that some exceptional condition requires it."* (Emphasis added.)

In the instant case, the order of reference makes no finding that determinations as to the division of property and/or the award of alimony are unusually complicated, or that some "exceptional condition" warranted the appointment of a master. It simply provided that such an appointment "will be of assistance to the Court." Although the record shows the fact of the two marriages, alleged sporadic cohabitation preceding the remarriage, the existence of family homes in Nevada and Colorado, real property in Colorado and Florida, diversified stock ownership and miscellaneous assets including but not limited to furniture, time certificates, and cash in banks, all totalling in the vicinity of $1,000,000, there is nothing indicating anything extraordinary with regard to this divorce proceeding.

In LaBuy v. Howes Leather Co., 352 U.S. 249, the trial judge *sua sponte,* as here, entered orders of reference in consolidated civil antitrust cases under Rule 53(b) of the Federal Rules of Civil Procedure. We have adopted an identical rule. NRCP 53(b). Following motions by all parties to vacate the order, the parties sought relief by mandamus in the court of appeals.

In *LaBuy,* the respondent judge answered the show cause order contending that the cases were extremely complicated and complex, that they would take an estimated six weeks to try, and that his calendar was congested. LaBuy v. Howes Leather Co., 352 U.S. at 253–54. The court, in issuing the writs, held that calendar congestion alone was not such an exceptional circumstance as to warrant reference to a master; that since the cases referred had unusually complex issues of fact and law is not justification for reference to a master, but rather a compelling reason for trial before an experienced judge; and, the fact that a trial will be protracted does not provide the exceptional grounds for a reference. *Id.* at 259. Indeed, if calendar congestion was the test, congestion would

make references the rule rather than the exception, contrary to the intendment of NRCP 53(b).

In Gelfond v. District Court, 504 P.2d 673, a divorce proceeding, the trial court appointed a special master under Rule 53 of the Colorado Rules of Civil Procedure, a provision nearly identical to NRCP 53. The case involved an evaluation of property and securities, the interpretation of income tax returns, and "other complicated financial transactions." *Id.* at 674. The Colorado Court held that where the issues in a divorce case are not beyond the competence of a court to consider without a master, a reference constitutes an unjustified delegation of the court's decision-making powers. We agree with that court's holding.

Where, as here, the trial court made a general reference of nearly all of the contested issues, giving the master the authority to decide substantially all issues in the case, as well as be the fact finder, the trial court's function has been reduced to that of a reviewing court. Masters are appointed "to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause," Ex parte Peterson, 253 U.S. 300, 312 (1920), and not to place the trial judge into a position of a reviewing court. Irrespective of the trial court's doubtless good faith, this type of blanket delegation approaches an unallowable abdication by a jurist of his constitutional responsibilities and duties. These conclusions become even more clear upon a review of NRCP 53(e)(2) which provides in part: "(2) *in Non-Jury Actions.* In an action to be tried without a jury *the court shall accept the master's findings of fact unless clearly erroneous.*" (Emphasis added.) It is no answer that the master's report must be confirmed by the court before it becomes final, because the scope of review is so limited.[2]

In the case at bar, the reference was made *sua sponte* and was considered to be merely desirable, not necessary. The record is devoid of a showing of any exceptional conditions which necessitated the reference. This is contrary to NRCP 53(c) which contemplates that an order of reference specify and

---

[2]It is only instances such as the following that permit the court to disregard the report: the findings are based upon material errors in the proceedings or a mistake in law; or are unsupported by any substantial evidence; or are against the clear weight of the evidence. *See* 9 Wright and Miller, Federal Practice and Procedure: Civil § 2605, and cases cited therein.

limit the powers of the master, Ray v. Stecker, 79 Nev. 304, 309, 383 P.2d 372, 375 (1953), and that the order set forth the exceptional circumstances that purport to justify it.

In reviewing those portions of the record now before us and strictly construing the provisions of NRCP 53 consistent with our holding in Ray v. Stecker, 79 Nev. at 309, 383 P.2d at 375, we cannot say that the issues in this divorce case presented "matters of account"[3] or "exceptional conditions" justifying a reference.

We turn again to the procedural question of mandamus and determine that because of the absence of "exceptional conditions," the element of judicial discretion inherent in NRCP 53(b) is diminished. When the subject order of reference is tested in the light of the cases, we are constrained to conclude that the complained of reference transcended the permissive scope of NRCP 53(b) and constituted an abuse of discretion. LaBuy v. Howes Leather Co., 352 U.S. at 250–51, 256; Gelfond v. District Court, 504 P.2d at 675. Such abuse satisfies the remaining requirement for the use of the extraordinary remedy of mandamus.[4]

In conclusion, we reiterate that in accordance with NRCP 53(b), a reference should be made the exception and not the rule. Calendar congestion, complex issues of fact and law, and

---

[3]In addressing that part of NRCP 53(b) which states "save in matters of account," we want to make it clear that we are not implying that the mere fact that an accounting may be necessary is sufficient in itself to justify a reference if it is shown that the matter is simple, it would not reach substantial proportions and would not consume an inordinate amount of judicial resources. Helfer v. Corona Products, Inc., 127 F.2d 612, at 614 (8th Cir. 1942); Hanover Ins. Co. v. Emmaus Muni. Auth., 38 F.R.D. 470, 473 (1973). *See also* 5 Moore's Federal Practice § 53.05(2), p. 2939.

[4]Without exhaustively listing the number of cases in which special masters have been appointed, it appears that with the exception of Ray v. Stecker, 79 Nev. 304, 383 P.2d 379, most have involved a stipulation for the appointment of a master, or situations in which motions for a reference have been unopposed. *See e.g.,* Diversified Capital v. City N. Las Vegas, 95 Nev. 15, 690 P.2d 146 (1979) (stipulation); Schulman v. Schulman, 92 Nev. 707, 558 P.2d 525 (1976) (stipulation); Phillips v. Adams, 85 Nev. 675, 462 P.2d 35 (1969) (stipulation); Bond v. Stardust, Inc., 82 Nev. 47, 410 P.2d 472 (1966) (motion uncontested); Cosner v. Cosner, 78 Nev. 242, 371 P.2d 278 (1962) (stipulation). Of course, if all parties consent to a reference of a whole case or an issue, the problems of added expense and the need to maintain respect for judgments and confidence in the outcome of litigation generally lose their significance. Thus, absent a controversy involving substantial public interest, reference by consent seems unobjectionable.

prospectively lengthy trials do not provide "exceptional conditions" for a reference. Nor does the fact that an accounting may be required in itself offer the basis for a reference. Of course, if the accounting is beyond the competence of the court, then, the court should first hear and determine the issues within its competence before making a reference of the remainder. *See* LaBuy v. Howes Leather Co., 352 U.S. at 259. In this way, the judge will have afforded the litigants their day in court, as well as having complied with the intent and spirit of NRCP 53. *See* Bartlett-Collins Company v. Surinam Navigation Company, 381 F.2d 546, 550–51 (10th Cir. 1967).

The case is remanded with directions to vacate the order appointing a master and for further proceedings before the trial court not inconsistent with the views herein expressed.

Let the writ issue.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, AND BATJER, JJ., concur.