DONALD DEAN WAGONER, Appellant, v. DORIS S. TILLINGHAST, aka DORIS S. WAGONER, Respondent.

No. 16225

September 4, 1986                    724 P.2d 197

*Beckley, Singleton, DeLanoy & Jemison* and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*Robert Miller,* District Attorney, *Michael Douglas,* Deputy District Attorney, and *John Squires,* Deputy District Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal contests the validity of a judgment entered by the district court without notice or hearing after the ex parte approval of a master's final report in an action for child support arrearages under the Uniform Reciprocal Enforcement of Support Act (URESA).[1] For reasons set forth below, we reverse and remand to the district court.

---

[1] NRS 130.010 et seq. Appellant actually styled his appeal from an order of the district court striking appellant's motion for summary judgment and denying his alternative application for review of a URESA hearing master's conclusions of law. Since the judgment confirming the master's award of support and arrearages is the net source of appellant's alleged injury, we choose to characterize the appeal as stemming from that judgment.

Respondent, a resident of Ohio, filed suit in Ohio for thirteen years of arrearages under URESA. In accordance with the act, the Clark County District Attorney's office pursued the case on behalf of respondent and the case was turned over to a master for the preparation and submission of his report to the district court.

Respondent's counsel moved to reduce the claim from thirteen years to six years to accord with the statute of limitations. The master granted the motion. At the same time, appellant moved to apply the equitable principles of estoppel, laches and acquiescence to set aside the arrearages. That motion was denied with leave to reopen the issue via briefs from the parties. The master held that such defenses are not applicable in cases involving child support. Appellant filed objections with the district court and the master reheard the matter. After that hearing and the filing of a master's report containing findings of fact and conclusions of law, appellant filed objections to the master's report. Subsequent proceedings were held before the master wherein the findings of fact were modified, but the conclusions of law were not changed.

After the final report from the master was filed, with notice, respondent contacted the district court ex parte, claiming that no objections to the recommended report had been filed. Respondent received an ex parte approval of the master's report, which was then reduced to judgment. Thereafter, appellant filed a motion, with notice, for summary judgment, or in the alternative, for district court review. Respondent moved the district court to strike appellant's motion for district court review, contending that no objections were filed. Respondent also opposed appellant's motion based on the merits. The district court ruled in favor of respondent on both motions and this appeal followed.

It is not contested that appellant filed timely objections to the master's report on May 15, 1984. It is contested whether a subsequent hearing by the master adequately considered appellant's objections. We conclude that it did not.

This court has previously addressed the importance of procedural due process involving "special" motions in Maheu v. District Court, 88 Nev. 26, 493 P.2d 709 (1972), when we stated:

> For a century, our settled law has been that any "special" motion involving judicial discretion that affects the rights of another, as contrasted to motions "of course," must be made on notice even where no rule expressly requires notice to obtain the particular order sought, except only when this requirement is altered to meet extraordinary situations such as those concerned in NRCP 65(b). Pratt v. Rice, 7 Nev. 123 (1871); NRCP 6(d). It is also fundamental that although an

order's subject matter would lie within the court's jurisdiction if properly applied for, it is void if entered without required notice.

*Id.* at 34. The approval of a master's report is a product of a "special" motion that involves judicial discretion. Appellant Wagoner did not receive notice of the motion for the ex parte approval of the master's final report, nor did he have an opportunity to be heard, in spite of the prior objections which had been filed. Although the district court has jurisdiction to approve a master's report, when notice and opportunity to be heard are denied to a party who has properly objected to the master's report, then any action taken is void. *Cf.* Ray v. Stecher, 79 Nev. 304, 383 P.2d 372 (1963).

EDCR 1.40 provides, in part:

(b) *Except as otherwise provided,* the proceedings of the Uniform Reciprocal Support Act masters shall be in accordance with the provisions of NRCP 53.

. . . .

(e) Within 10 days after the conclusion of the proceedings and receipt of the report, either party may serve written objections thereto upon the other party. *If no objection is filed, the report will be referred to the chief judge and without further notice, judgment entered thereon.*

(f) If a written objection is filed pursuant to this rule, application to the court for action upon the report over the objection thereto shall be by motion and upon notice as prescribed in Rule 2.20. (Emphasis added.)

The Nevada Rules of Civil Procedure have a similar rule in NRCP 53. That rule, in part, provides:

(e) Report.

(2) In Non-Jury Actions.   In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

We construe NRCP 53 to provide for a court hearing on all master's reports when objections have been filed. We therefore reverse the confirmation of the master's report and vacate the

judgment entered thereon by the district court and remand this case to the district court for a hearing on the master's report, all findings of fact and conclusions of law, and the May 15, 1984 objections raised by appellant.