VENETIAN CASINO RESORT, LLC; GRAND CANAL SHOPS MALL CONSTRUCTION, LLC; AND FRONTIER INSURANCE COMPANY, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE JAMES A. BRENNAN, SENIOR JUDGE, RESPONDENTS, AND LEHRER McGOVERN BOVIS, INC.; HERRICK CORPORATION; HARRIS/ARIZONA REBAR, INC.; CHOICE ELECTRIC; EBERHARD/SOUTHWEST ROOFING, INC.; AND TRM CORPORATION DBA SUPERIOR TILE COMPANY, REAL PARTIES IN INTEREST.

No. 37527

February 27, 2002                                        41 P.3d 327

---

AGOSTI, J., dissented.

*Hale Lane Peek Dennison Howard & Anderson* and *Lance C. Earl* and *Patrick J. Reilly,* Las Vegas; *Lionel Sawyer & Collins* and *David N. Frederick* and *Todd E. Kennedy,* Las Vegas, for Petitioners.

*Dixon & Truman,* Las Vegas; *Harrison Kemp & Jones, Chtd.,* Las Vegas; *Griffin Cochrane & Marshall* and *Jennifer W. Fletcher,* Atlanta, Georgia, for Real Party in Interest Lehrer McGovern Bovis, Inc.

*J. Timothy Bak,* Las Vegas; *Law Offices of Tommy A. Conner,* San Francisco, California, for Real Party in Interest TRM Corp. d/b/a Superior Tile.

*Peel, Brimley, Spangler & Brown,* Henderson; *Monteleone & McCrory, LLP,* and *Joseph A. Miller,* Los Angeles, California, for Real Party in Interest Herrick Corp.

*Peel, Brimley, Spangler & Brown,* Henderson, for Real Parties in Interest Harris/Arizona Rebar, Choice Electric, and Eberhard Southwest Roofing.

## OPINION

*Per Curiam:*

Petitioner, Venetian Casino Resort, retained real party in interest Lehrer McGovern Bovis, Inc. (LMB), to construct the Venetian Casino Hotel and Resort. LMB contracted with several trade contractors that, in turn, contracted with various venders and subcontractors, resulting in more than 100 subcontractors being retained in several tiers below LMB to construct the Venetian Casino Hotel & Resort. During construction, disputes arose as to the amounts due under the contracts. The various contractors filed mechanic's liens against the property and soon thereafter instituted legal action to foreclose on their liens. Because Venetian had posted surety bonds to clear title to the property, the lien claimants requested preferential lien hearings pursuant to NRS 108.2421. Senior District Judge James A. Brennan referred the preferential lien hearings to Special Master Erika Pike Turner. Turner has since presided over and issued reports for at least four preferential lien hearings.

Venetian, Grand Canal Shops Mall Construction, LLC, and Frontier Insurance Company, hereinafter collectively referred to as Venetian, request extraordinary relief and seek to vacate the appointment of Special Master Turner and the referral to her of the preferential lien hearings. Venetian avers that the referral is improper in terms of both justification and scope, and that Turner is disqualified from the role of special master because her law firm represents four parties that are indirectly related to the Venetian litigation.

### DISCUSSION

The district court's appointment of a special master was appropriate in this case, but the district court's delegation of authority to the special master was too broad. In addition, we conclude that Venetian has, thus far, waived its objections to Special Master

Turner's participation in the preferential lien hearings on conflict of interest grounds. We hold that Turner may continue to preside over the preferential lien hearings in which she has no conflict of interest, consistent with the limits of authority set forth in this opinion.

## The appointment of a special master

We deny, in part, Venetian's request for writ relief because the district court's appointment of a special master in this case was properly justified. In actions not before a jury, NRCP 53(b) authorizes referral to a special master for "matters of account and of difficult computation of damages" *or* "upon a showing that some exceptional condition requires it." Referral to a special master for lien foreclosure actions is specifically authorized by NRS 108.239(5). Where matters of account are involved, referral to a special master is only warranted if the matters are "beyond the competence of a court,"[2] *i.e.,* the matters are not simple, would reach substantial proportions, or would consume an inordinate amount of judicial resources.[3] In all cases, referral to a special master is only warranted when it is necessary, not merely when it is desirable.[4]

Judge Brennan's order of reference to Special Master Turner simply states that "[d]ue to anticipated congestion of proceedings in the instant case, it appears necessary to appoint a Hearing Master." Although no further justification for the reference is provided, looking at the record, as a whole, it is clear that the underlying litigation involves matters of account that would reach substantial proportions and would potentially consume an inordinate amount of judicial resources. The underlying litigation involves more than 100 potential claimants, each of which is entitled to request a preferential lien hearing pursuant to NRS 108.2421. These hearings may be lengthy and complicated. One of the hearings conducted thus far involved four days of testimony, eighty exhibits, and an amount claimed in excess of one million dollars. Therefore, the district court's appointment of a special master was authorized by NRCP 53 and NRS 108.239.

## The scope of Special Master Turner's authority

We grant, in part, Venetian's petition for a writ of mandamus

---

[2]*Russell v. Thompson,* 96 Nev. 830, 834, 619 P.2d 537, 540 (1980).

[3]*Id.* at 835 n.3, 619 P.2d at 540 n.3.

[4]*Id.* at 834, 619 P.2d at 540.

because the district court, by referring the preferential lien hearings in their entirety to Special Master Turner, has conferred too much authority to the special master. Special masters may only exercise limited authority. This court has explained that "[m]asters are appointed 'to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause,' and not to place the trial judge into a position of a reviewing court."[5] The role a special master may play in lien foreclosure proceedings is specifically limited by NRS 108.239(5) to ascertaining and reporting upon the "liens and the amount justly due thereon." The district court, not the special master, is primarily responsible for determining the rights of the parties.[6]

Here, Special Master Turner was given the authority to preside over the preferential lien hearings in their entirety and has determined not only the amounts of the claims, but also their validity. The original order of appointment made the following delegation:

> The Special Master is hereby vested with all the authority that a Special Master has under the Nevada Rules of Civil Procedure and The Rules of Practice for the Eighth Judicial District Court ("EDCR"). However, the Special Master is limited to the hearing of matters expressly conferred upon her by this Court.

The district court subsequently referred authority over the preferential lien hearings, with no limitation, to the special master.[7]

After Special Master Turner conducted several hearings, the district court issued an order to clarify her role as special master.

---

[5]*Russell,* 96 Nev. at 834, 619 P.2d at 539 (quoting *Ex parte Peterson,* 253 U.S. 300, 312 (1920)); *see also La Buy v. Howes Leather Co.,* 352 U.S. 249, 256 (1957).

[6]NRS 108.239(5) states, in pertinent part:

> The court shall enter judgment according to the right of the parties, and shall, by decree, proceed to hear and determine the claims in a summary way, or may, if it be the district court, refer the claims to a master to ascertain and report upon the liens and the amount justly due thereon.

[7]The Order of Reference states only that the statement of claims filed by the parties,

> shall include, *but is not limited to:*
>
> (a) The amount claimed as due under the terms of lien claimant's contract, including a breakdown of costs for labor and materials claimed by the lien claimant;
> (b) The costs associated with preparing and filing the lien claim and estimated costs related to preparing for the preferential hearing; and,
> (c) Attorney's fees incurred preparing the lien and representing the lien claimant to date as well as estimated attorney's fees incurred for representation of the lien claimant in the preferential hearing.

(Emphasis added; citations omitted.)

Although the district court claims that the preferential lien hearings are primarily aimed at determining the amount due under the contracts, the referral order states that, ''[a]ssuming the defendants in the preferential lien hearings raise defenses involving the validity of the liens themselves the Special Master shall also have to make recommendations or 'report upon' the validity of the liens.'' The district court, on other occasions, has confirmed that the special master will hear and make recommendations regarding the validity of the liens.

This broad delegation of authority to Special Master Turner to determine the validity of the liens is impermissible. The special master's role must, under NRS 108.239(5), be limited to determining the amount of the claims due, not their validity. The district court is responsible for determining the respective rights of the parties, which, in this case, includes determining the validity of the liens.

Venetian has, however, waived its right to object to Special Master Turner's authority as to those hearings she has already conducted. A party who wishes to object to the appointment of a special master must do so at the time of appointment, or within a reasonable time thereafter, or else its objection is waived.[8] Venetian waited until Special Master Turner had conducted several preferential lien hearings, and eight months from the time of her appointment, and seven months from the time the district court referred the preferential lien hearings to her, before filing its motion to vacate her appointment. Venetian has, therefore, waived its right to object to the special master's role as to those hearings she has already conducted.

*Special Master Turner's alleged conflict of interest*

Venetian has, for those hearings already conducted, likewise, waived its ability to object to Special Master Turner's participation on conflict of interest grounds. If a party has constructive or actual knowledge of potentially disqualifying circumstances, but fails to object within a reasonable amount of time, the objection is waived.[9] Venetian was aware of the allegedly disqualifying rela-

---

[8]*Burlington Northern v. Department of Revenue,* 934 F.2d 1064, 1069 (9th Cir. 1991); *Adriana Intern. Corp. v. Thoeren,* 913 F.2d 1406, 1410 (9th Cir. 1990); *Spaulding v. University of Washington,* 740 F.2d 686, 695 (9th Cir. 1984).

[9]*See Las Vegas Downtown Redev. Agency v. Hecht,* 113 Nev. 644, 651, 940 P.2d 134, 139 (1997); *Ainsworth v. Combined Ins. Co.,* 105 Nev. 237, 260, 774 P.2d 1003, 1019 (1989); *Jacobson v. Manfredi,* 100 Nev. 226, 230, 679 P.2d 251, 254 (1984); *see also Preston v. U.S.,* 923 F.2d 731, 733 (9th Cir. 1991).

tionships from the time of Special Master Turner's appointment, or soon thereafter, but failed to object until after she had issued several recommendations.[10] Therefore, as to the hearings already conducted, Venetian has waived its right to object to Special Master Turner's alleged conflicts of interest.

In addition, the conflicts of interest alleged by Venetian do not rise to such a level so as to require Special Master Turner to recuse herself from the underlying litigation. Canon 3E(1) of the NCJC states, in relevant part:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>
> . . . .
>
> (b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter . . . .

The NCJC expressly applies to special masters.[11] However, because special masters are frequently attorneys, accommodation is required to account for the likelihood that special masters will be engaged as advocates in matters other than those in which they serve as special masters.[12]

The conflicts alleged by Venetian involve parties that are represented by Gordon and Silver, the law firm for which Turner works. These parties have only an indirect interest in the outcome of the underlying litigation. In addition, only one of the conflicts Venetian alleged would, if it were in fact a conflict, affect all of the preferential lien hearings. Gordon and Silver has agreed to discontinue further representation of this party. The remaining alleged conflicts are case specific, as they relate to some of the individual lien claimants, not to Venetian. Special Master Turner may, therefore, within the limits set forth in this opinion, preside over further lien hearings in the Venetian litigation. If Venetian believes there is some conflict of interest as to some future lien

---

[10]*See Ainsworth,* 105 Nev. at 260, 774 P.2d at 1019 ("Well-reasoned authority supports a conclusion . . . that counsel, knowing facts assertively supportive of a motion for . . . recusal . . . based upon charges of bias and impropriety, 'may not lie in wait' and raise those allegations in a motion 'only after learning the court's ruling on the merits.' " (quoting *Phillips v. Amoco Oil Co.,* 799 F.2d 1464, 1472 (11th Cir. 1986))).

[11]NCJC, Application, sec. A.

[12]*Jenkins v. Sterlacci,* 849 F.2d 627, 630 n.1, 632 (D.C. Cir. 1988).

claimant, it may raise it with the district court at the appropriate time.

*The district court's review of the special master's findings*

Judge Brennan appears to have incorrectly reviewed Special Master Turner's recommendations using a clearly erroneous standard.[13] The clearly erroneous standard applies only to the district court's review of a special master's findings of fact; conclusions of law, on the other hand, require de novo review by the district court.[14] Thus, the district court manifestly abused its discretion in applying the incorrect standard of review.

## CONCLUSION

For the foregoing reasons, we deny the petition to the extent that it challenges the district court's decision to refer the lien foreclosure proceedings to Special Master Turner. Additionally, we deny the petition to the extent that it challenges Special Master Turner on conflict of interest grounds, as petitioners have waived, with regard to the hearings already conducted, any alleged conflict. We grant the petition with respect to the scope of the district court's referral order and its review of the special master's recommendations. By making too broad a referral to Special Master Turner, and by failing to apply the proper standard of review to her recommendations, the district court abused its discretion. We therefore direct the clerk of this court to issue a writ of mandamus[15] compelling the district court to enter an order clarifying and limiting the scope of Special Master Turner's authority, consistent with this opinion, and to reevaluate the special master's recommendations using the proper standard of review.[16]

AGOSTI, J., dissenting:

I dissent. The district judge who appointed the special master was himself appointed to assist the district court with the burden of its civil caseload. Now, the specially appointed senior judge has in turn appointed a master to relieve him of the burden of his civil

---

[13]Although Judge Brennan alleged in one order that he has been using a de novo standard of review, all of his decisions to either reject or adopt the special master's findings have, in fact, been stated in terms of a clearly erroneous standard.

[14]*See Cosner v. Cosner,* 78 Nev. 242, 245, 371 P.2d 278, 279 (1962).

[15]*See* NRS 34.160; *see also Round Hill Gen. Imp. Dist. v. Newman,* 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981); *Russell v. Thompson,* 96 Nev. 830, 832-33, 619 P.2d 537, 538 (1980).

[16]We also lift the partial stay we issued on May 9, 2001.

caseload. This is certainly a misuse of resources. I believe the senior judge ought to handle this case himself.