An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTT SPITTLER,
Appellant,
vs.
JOHN ROUTSIS; CHRISTINE
ROUTSIS; AND LAWRENCE C.
PURDON,
Respondents.

No. 56681

FILED

APR 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment in a real property action and a post-judgment order denying a new trial. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

Appellant Scott Spittler appeals the district court's judgment and denial of his motion for new trial, arguing that: (1) the district court abused its discretion in refusing to grant a new trial; (2) the district court erred in determining that access roadway easements on parcels patented under the Small Tract Act (STA) are to benefit only small tract parcels; (3) his reliance on the advice of a former county employee indicated a lack of malice, a required element for a finding of slander of title; (4) the district court erred in finding that he was not entitled to an easement by necessity; and (5) the district court erred in awarding attorney fees and costs as special damages to respondents.

*The district court did not abuse its discretion in refusing to grant a new trial based on allegations of judicial misconduct*

It is within the trial court's discretion to grant or deny a motion for a new trial, *BMW v. Roth*, 127 Nev. ___, ___, 252 P.3d 649, 657 (2011), "and this court will not disturb that decision absent palpable

SUPREME COURT
OF
NEVADA

(O) 1947A

13-12059

abuse." *Bass-Davis v. Davis*, 122 Nev. 442, 453, 134 P.3d 103, 110 (2006) (internal quotations omitted). "'While review for abuse of discretion is ordinarily deferential, deference is not owed to legal error.'" *Roth*, 127 Nev. at ___, 252 P.3d at 657 (quoting *AA Primo Builders v. Washington*, 126 Nev. ___, ___, 245 P.3d 1190, 1197 (2010)); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, (1990) (A district court's ruling relying "on an erroneous view of the law or on a clearly erroneous assessment of the evidence" is an abuse of discretion).

Pursuant to NRCP 59(a) allows a new trial to be granted if irregularity in the court's proceedings or abuse of discretion by the court prevents either party from having a fair trial. The Nevada Code of Judicial Conduct (NCJC), Canon 1 states that "[a] judge shall uphold and promote the independence, integrity, and impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety." Pursuant to NCJC Canon 1, Rule 1.2, comment 5,

> [a]ctual improprieties include violations of law, court rules, or provisions of this Code. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge.

Here, the district court judge held an in-chambers conference with Spittler to discuss settlement at the end of the third day of trial. "Although efforts on the part of a trial judge to expedite proceedings and to encourage settlements out of court are ordinarily to be commended, such efforts should never be so directed as to compel either litigant to make a forced settlement." *Empire Etc. Bldgs. Co. v. Harvey Mach. Co.*, 265 P.2d 32, 35 (Cal. Ct. App. 1954). According to Spittler, the judge

advised him that if he did not accept the settlement offer, the judge "would enter a direct verdict stopping the trial and any further evidence produced," causing Spittler serious financial costs. However, this conference was held after Spittler had presented his own testimony and the testimony of two witnesses. The only evidence Spittler presented after the in-chambers conference with the judge was brief testimony from a realtor, after which Spittler rested his case. Based on this, we conclude that Spittler's rights were not materially affected by the district court's in-chambers conference and no irregularity in the proceedings occurred to prevent Spittler from having a fair trial. *See* NRCP 59(a); *Empire*, 265 P.2d at 35 (determining that there was no undue pressure placed on the parties to force a settlement and thus no abuse of discretion by the trial judge where "[t]he trial proceeded at some length, the defendant's case was fully presented, and the case [was] taken under submission before being decided").

Accordingly, we conclude that the district court did not abuse its discretion in refusing to grant a new trial as it is unwarranted under NRCP 59(a).[1] *See* NCJC Canon 1, Rule 1.2, cmt. 5; *Empire*, 265 P.2d at 35.

---

[1]Although Spittler challenges the impartiality of the district court judge on appeal, Spittler concedes that he did not object to the in-chamber conference at trial. Spittler argues, however, that he was not required to object because the district court's error infringes on his constitutional rights such that plain error applies. Objections to the impartiality of the tribunal must be timely made; otherwise, such objections are waived. *See Snyder v. Viani*, 112 Nev. 568, 573, 916 P.2d 170, 173 (1996); *see also Venetian Casino Resort v. Dist. Ct.*, 118 Nev. 124, 130, 41 P.3d 327, 331 (2002) (holding that if a party has knowledge of potentially disqualifying circumstances concerning a special master and fails to object within a

*continued on next page...*

 

*The district court did not err in determining that access roadway easements on parcels patented under the STA are to benefit only small tract parcels*

Under the Small Tract Act of 1938, the United States disposed of certain 5-acre parcels of government land. 43 U.S.C. § 682a (1940), *repealed by* Federal Land Policy and Management Act of 1976, Pub. L. No. 94-579, § 702, 90 Stat. 2743, 2789 (1976). In Nevada, those properties disposed of are governed by the requirements of the STA Nevada Classification Order. Bureau of Land Management, Nevada Classification Order (May 18, 1953) (Classification Order). It is undisputed that respondents purchased 5-acre parcels that were part of the original distribution of government land under the STA. What is disputed is the application of the STA's access roadway easements to the properties involved in this case.

*The district court's deference to a Department of the Interior memorandum was warranted*

Spittler argues that the district court erroneously deferred to the agency interpretation provided in a Department of the Interior memorandum. *See* Bureau of Land Management, *Easements Reserved in Small Tract Act Leases and Patents*, Instructional Memorandum No. 91-196 (February 25, 1991) (Interior Dept. memorandum). He contends that the district court was required to first make a determination that Congressional intent was unclear from the statute itself, and the district

---

*...continued*

reasonable time, the objection is waived). Therefore, we conclude that Spittler waived his right to object to the alleged impartiality or bias of the judge and, accordingly, waived his right to seek review of this issue on appeal. *See* NCJC Canon 1, R. 1.2, cmt. 5; *Empire*, 265 P.2d at 35.

court never made such a determination prior to relying on the memorandum. We disagree.

"'[R]eview in this court from a district court's interpretation of a statute is de novo.'" *State, Div. of Insurance v. State Farm*, 116 Nev. 290, 293, 995 P.2d 482, 484 (2000) (quoting *State, Dep't. of Mtr. Vehicles v. Frangul*, 110 Nev. 46, 48, 867 P.2d 397, 398 (1994)). Additionally, "matters involving the construction of an administrative regulation are a question of law subject to independent appellate review." *Id.* at 293, 995 P.2d at 484-85. Regardless, this court will generally defer to the "'agency's interpretation of a statute that the agency is charged with enforcing,'" when determining the meaning of an administrative regulation. *Public Agency Compensation Trust v. Blake*, 127 Nev. ___, ___, 265 P.3d 694, 697 (2011) (quoting *State Farm*, 116 Nev. at 293, 995 P.2d at 485). However, no deference will be given "to the agency's interpretation if, for instance, a regulation 'conflicts with existing statutory provisions or exceeds the statutory authority of the agency.'" *Id.* (quoting *State Farm*, 116 Nev. at 293, 995 P.2d at 485); *see also Jerry's Nugget v. Keith*, 111 Nev. 49, 54, 888 P.2d 921, 924 (1995) ("[A]dministrative regulations cannot contradict the statute they are designed to implement.").

In *Lengerich v. Department of Interior*, the Federal Circuit Court of Appeals stated that substantial deference should be given to an agency's interpretation of its own regulations, and that the United States Supreme Court has advised that clear administrative interpretations warrant enforcement. 454 F.3d 1367, 1372 (Fed. Cir. 2006). "To merit deference, however, an 'agency's interpretation (1) must have been directed to regulatory language that is unclear; (2) must have been actually applied in . . . agency action[s]; and (3) must not be plainly

 

erroneous or inconsistent with the regulation.'" *Id.* (quoting *Gose v. U.S. Postal Service*, 451 F.3d 831, 839 (Fed. Cir. 2006)).

Our review of the Interior Dept. memorandum at issue in this case indicates that it was offered to clarify regulatory language within the STA, it has been applied in agency actions and is not a "post hoc rationalization," *Gose*, 451 F.3d at 839, and the Department of the Interior's interpretation is consistent with the statutory language of the STA. Thus, we conclude that the district court's deference to this memorandum was warranted in its assessment of rights-of-way available under the STA, and as requested in this instance by Spittler.

*The district court did not err in finding that STA patents limit roadway easements to the sole benefit of already patented parcels*

This court will not disturb a trial court's findings of fact unless they are "'clearly erroneous and not based on substantial evidence.'" *Chateau Vegas Wine v. So. Wine & Spirits*, 127 Nev. ___, ___, 265 P.3d 680, 684 (2011) (quoting *Beverly Enterprises v. Globe Land Corp.*, 90 Nev. 363, 365, 526 P.2d 1179, 1180 (1974)). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. SunTrust Mortgage, Inc.*, 128 Nev. ___, ___, 274 P.3d 762, 764 (2012) (internal quotations omitted).

On appeal, Spittler relies solely on the Interior Dept. memorandum in contending that the district court erred in failing to find that the parcel maps of the parties' properties show the respective roadways to be permanent easements. Respondents argue that the district court did not err in finding that a roadway easement over respondents' properties in no way benefitted Spittler's property, and Spittler fails to show on appeal how any of the district court's findings were clearly erroneous.

The Classification Order states, in pertinent part, that

> Tracts will be subject to all *existing* rights-of-way and to rights-of-way 33 feet in width along or as near as practicable to the boundaries thereof for *road purposes and public utilities*. Such rights-of-way may be *utilized by* the Federal Government, or the State, County or municipality in which the tract is situated, or by any agency thereof. (Emphases added.)

The district court concluded that the Classification Order provided no easement to private owners of land *not* designated as STA land. We agree. "When construing a statute, this court looks to the words in the statute to determine the plain meaning of the statute, and this court will not look beyond the express language unless it is clear that the plain meaning was not intended." *Hernandez v. Bennett-Haron*, 128 Nev. ___, ___, 287 P.3d 305, 315 (2012). Rules of statutory construction also apply to administrative regulations. *Silver State Elec. v. State, Dep't of Tax.*, 123 Nev. 80, 85, 157 P.3d 710, 713 (2007).

Pursuant to the plain language of the Classification Order, only those existing rights-of-way that were used by a governmental entity for road and public utility purposes survived. As the record demonstrates and the district court concluded, the easements on the Purdon and Routsis properties were never used as roads under the express language of the Classification Order. The Interior Dept. memorandum clarified that unless such common law rights-of-way were actually used for the purpose of serving a small tract parcel, the dedication no longer existed upon the termination of the classification. Thus, upon the STA's repeal in 1976, the existing rights-of-way on the Purdon and Routsis properties terminated.

Accordingly, we conclude that Spittler has failed to demonstrate that the district court's findings were clearly erroneous.

Because substantial evidence in the record supports the district court's findings, we further conclude that the district court did not err in determining that a roadway easement over respondents' properties in no way benefited Spittler's property. *See Chateau Vegas Wine,* 127 Nev. at ___, 265 P.3d at 684.

*The district court did not err in granting respondents' slander of title claims*

The district court concluded that respondents met their burden of proof in establishing their slander of title claims. In reaching its decision, the district court specifically concluded that "Spittler's actions. . . , including but not limited to suing the defendants in order [to] harass them into a settlement, . . . were not based on reasonable grounds, but rather, were in bad faith."

Malice is a necessary element of a slander of title claim. "In order to prove malice it must be shown that the defendant knew that the statement was false or acted in reckless disregard of its truth or falsity." *Rowland v. Lepire,* 99 Nev. 308, 313, 662 P.2d 1332, 1335 (1983). However, there is no malice if a person has valid reasons to support his or her claim. *Id.* "Additionally, evidence of a defendant's reliance on the advice of counsel tends to negate evidence of malice." *Id.*

Here, the evidence presented at trial demonstrates that upon first seeking access to his land, Spittler communicated to the United States Forest Service that he had no other access to his property and was therefore landlocked. It was only after Spittler observed the tactics of another neighbor in subdividing his land and suing owners of neighboring properties to force access did Spittler engage in similar conduct against respondents. Spittler claims that his reliance on the advice of Jeff Cruess, an employee of the Washoe County Surveyor's Office, indicates a lack of

malice. Although Cruess testified in support of Spittler's claim for right-of-way, the district court concluded that Cruess was misinformed about key facts and found his testimony "to be admittedly biased, uninformed, and incorrect." The district court then carefully weighed the evidence presented before concluding that Spittler knew as early as 2002 that he had no claimed right of access across respondents' properties. This court generally defers to the district court regarding witness credibility and will not reweigh evidence. *Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004) (noting that this court "will not reweigh the credibility of witnesses on appeal; that duty rests within the trier of fact's sound discretion").

Because substantial evidence supports the district court's conclusion, we conclude that the district court did not err in granting respondents' slander of title claim. *See Chateau Vegas Wine*, 127 Nev. at ___, 265 P.3d at 684.

*The district court did not err in finding that Spittler was not entitled to an easement by necessity*

"Although an implied easement arises by operation of law, the existence of an implied easement is generally a question of fact." *Jackson v. Nash*, 109 Nev. 1202, 1208, 866 P.2d 262, 267 (1993). "An easement by necessity will generally be found to exist if two requirements are met: (1) prior common ownership, and (2) necessity at the time of severance." *Id.* at 1209, 866 P.2d at 268. "A way of necessity arises from the 'application of the presumption that whenever a party conveys property, he conveys whatever is necessary for the beneficial use of that property and retains whatever is necessary for the beneficial use of land he still possesses.'" *Id.* (quoting *Daywalt v. Walker*, 31 Cal. Rptr. 899, 901 (Ct. App. 1963)).

The party who seeks to burden the property of another by way of necessity carries the burden of proof. *Id.* "In order for an easement by necessity to exist, both the benefited parcel and the burdened parcel must have been once owned by the same person." *Id.* If such common ownership does not exist, there can be no easement by necessity. *Id.* at 1210, 866 P.2d at 268.

Here, the record reflects that respondents' small tract parcels were originally patented in 1956 and 1960 to the properties' predecessors under the STA, while Spittler's land was originally patented to his predecessors in 1973 pursuant to a separate Congressional Act. The patents of these parcels were issued at different periods of time to different predecessors and the parcels were subsequently subdivided by these predecessors. Thus, we perceive no common ownership that would have allowed for a severance of title, creating the need for an easement by necessity benefitting Spittler's property. We conclude that Spittler fails to meet the first requirement under *Jackson*, and has thus failed to prove an easement by necessity is warranted.

We further conclude that Spittler has failed to demonstrate that he is landlocked, thereby further negating his easement by necessity argument. The Forest Service had already granted Spittler an easement at the time he sought access across respondents' land. The easement required Spittler to construct a road on the granted access way; however, Spittler never constructed a road because, upon obtaining the easement, he decided he no longer wanted to build a home and live on the property.

Thus, we conclude that the district court did not err in finding that Spittler was not entitled to an easement by necessity.

*The district court did not err in awarding attorney fees and costs as special damages to respondents*

Spittler argues that the Routsises waived their right to attorney fees as special damages when they failed to plead accordingly in their counterclaim.[2]

A party's failure to properly plead special damages "does not necessarily bar an award of attorney fees when evidence of attorney fees as damages has been litigated at trial. In such a case, motions under NRCP 54(c) or NRCP 15(b) may be appropriate mechanisms for resolving a conflict between the pleadings and the trial evidence." *Sandy Valley Assocs. v. Sky Ranch Estates*, 117 Nev. 948, 959, 35 P.3d 964, 971 (2001) *receded from on other grounds in Horgan v. Felton*, 123 Nev. 577, 586, 170 P.3d 982, 988 (2007). However, there must be "sufficient evidence to support the award and the reasonableness of the fee." *Id.*

In the Routsises' slander of title counterclaim, they alleged that "[a]s a direct, proximate and foreseeable result of [Spittler]'s slander of title, [they] have been damaged in excess of $50,000.00 to be shown according to proof at trial," but they did not include a claim for attorney fees. However, at trial the Routsises presented evidence to support a claim for attorney fees without objection and the district court granted their motion, filed pursuant to NRCP 15, to amend their counterclaim to add attorney fees as special damages. Therefore, we conclude that the Routsises did not waive their right to recover attorney fees as special damages.

---

[2]Spittler does not assert this argument as to Purdon as he properly pleaded special damages.

Spittler further argues that in a slander of title claim, a party's costs incurred to litigate the action itself cannot be designated as special damages. Instead, only those litigation costs incurred to clear title are properly designated as special damages. Spittler contends that the district court failed to limit the special damages award to only those fees necessary to clear title.

"Generally, attorney fees are not recoverable absent a statute, rule, or contractual provision to the contrary." *Horgan*, 123 Nev. at 583, 170 P.3d at 986. "As an exception to the general rule, a district court *may* award attorney fees as special damages in limited circumstances." *Id.* (emphasis added). "[A]ttorney fees are only available as special damages in slander of title actions and *not* simply when a litigant seeks to remove a cloud upon title." *Id.* at 586, 170 P.3d at 988 (emphasis added) (holding that where the district court failed to find a valid claim for slander of title to real property, attorney fees were not warranted).

Here, the district court concluded that Spittler's actions constituted slander of title, and that respondents had suffered special damages in the form of attorney fees and costs spent to clear title to their real property. During trial, the district court allowed the respondents to present evidence in support of their claims for special damages. The court also permitted the respondents to prove additional attorney fees and costs through post-trial motions, which Purdon did.

Because the district court is permitted to award attorney fees as special damages in slander of title actions, and because there is sufficient evidence to support the reasonableness of the fees awarded here, we conclude that the district court did not err in awarding respondents their attorney fees and costs associated with removing the cloud upon

SUPREME COURT
OF
NEVADA

(O) 1947A

12

their titles.[3] *Horgan*, 123 Nev. at 586, 170 P.3d at 988; *Sandy Valley*, 117 Nev. at 959, 35 P.3d at 971.

For the reasons set forth above, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Second Judicial District Court Dept. 8
Robert G. Berry, Settlement Judge
Jeffrey A Dickerson
Law Offices of Mark Wray
Chapman Law Firm, P.C.
Washoe District Court Clerk

---

[3]Spittler also argues that respondents failed to apportion and show by admissible evidence of actual work done and costs incurred, and also failed to demonstrate that the rate charged was reasonable and customary in the community. However, Spittler fails to provide any cogent argument or legal authority to support these issues on appeal, and thus we do not consider them. *See LVMPD v. Coregis Insurance Co.*, 127 Nev. ___, ___ n.2, 256 P.3d 958, 961 n.2 (2011) ("Because [the appellant] failed to provide any argument or citation to authority on the issues . . . we will not address these issues."); *see also* NRAP 28(a)(9)(A).